**Steven Keith HATCH, a/k/a Steve Lisenbee, Appellant,**

v.

**The STATE of Oklahoma, Appellee.**

**No. F–84–91.**

Court of Criminal Appeals of Oklahoma.

May 16, 1985.

### ORDER AFFIRMING SENTENCES

Steven Keith Hatch, a/k/a Steven Lisenbee, appellant, was convicted of two counts of Murder in the First Degree in Canadian County District Court. He received a sentence of death by lethal injection for each conviction. This Court affirmed his convictions but remanded his case to the district court in order that his sentences of death could be reviewed in light of *Enmund v. Florida*, 458 U.S. 782, 102 S.Ct. 3368, 73 L.Ed.2d 1140 (1982), which forbids imposition of the death penalty against certain nontriggermen.

After an evidentiary hearing, the trial court again imposed a sentence of death by lethal injection for each count. Appellant contends that the court was without authority to do so, and that he was denied due process of law and equal protection of the law as a result. His argument is founded upon our opinions in *Eddings v. State*, 688 P.2d 342 (Okl.Cr.1984) and *Johnson v. State*, 665 P.2d 815 (Okl.Cr.1982). In each of these cases, we construed 21 O.S.1981, § 701.13 as disallowing this Court to do anything other than modify a sentence of death to life imprisonment when prejudicial error occurs in the sentencing stage of a capital case.

We find *Johnson* and *Eddings* and the cases which rely upon their authority distinguishable from the present case. In each of those cases, error was found in the sentencing stage. In the present case, we simply deemed it necessary that the "sentencer give greater attention to the evidence concerning appellant Hatch's individual participation and intent in the events which culminated in the mur-

der/shootings." *Hatch v. State*, 662 P.2d 1377, 1383 (Okl.Cr.1983). We concluded this from our reading of *Enmund*, wherein the United States Supreme Court held that when imposing the death penalty against a nontriggerman, the Eighth and Fourteenth Amendments require the sentencer to focus on the individual culpability of one who has been convicted of felony murder. We did not perceive error by the trial court in sentencing appellant, but felt a more thorough study of the evidence on this point was called for to ensure compliance with the constitutional mandate as expounded in *Enmund*. Therefore, the rule of *Johnson* and *Eddings* is inapplicable.

■ We further find that the sentences of death are supported by the evidence. Presented at the evidentiary hearing was the evidence of the crimes as we previously detailed in *Ake v. State*, 663 P.2d 1 (Okl.Cr. 1983), as well as the testimony of Virginia Keith Sorenson. She related two conversations between appellant and codefendant Ake which occurred while she traveled with the two in the days following the murders. When the confederates learned the two Douglass children had survived their gunshot wounds, appellant suggested they return to Oklahoma City to kill them. This plan was ruled out, but on another occasion it was discussed and the trio traveled for 100 miles in the direction of Oklahoma City before they again changed their minds. Her testimony also refuted appellant's testimony that he was afraid of Ake and stayed with him because of fear.

In *Enmund*, the Supreme Court held that the death penalty cannot be constitutionally imposed against one who is convicted of felony murder for a killing occurring during the course of a robbery who neither kills, does not intend that life be taken, nor contemplates that lethal force will be employed by others. The evidence against appellant was that he entered his victims' home with a shotgun in hand. His confederate entered too with a loaded handgun. Appellant held the victims at gunpoint while Ake looted the home and attempted to rape his victims' twelve year old daugh-

ter. Appellant also took a turn attempting to rape her. Appellant frequently threatened the lives of his victims as they lay hog-tied on the floor. After a discussion as to their plan of action, appellant went outside and turned his automobile around while he waited "for the sound", as Ake had instructed him to do.

We agree with the trial court's finding that "the Defendant Hatch contemplated that a killing was not only possible, but probable and further that lethal force probably be employed." Therefore, we find that appellant's sentences of death are justified and are in compliance with *Enmund* and we AFFIRM each.

IT IS SO ORDERED.

WITNESS OUR HANDS AND THE SEAL OF THIS COURT this 16th day of May, 1985.

TOM BRETT, J.
HEZ J. BUSSEY, J.