**Steven Keith HATCH a/k/a Steve Lisenbee, Appellant,**

v.

**STATE of Oklahoma, Appellee.**

**No. F–87–393.**

Court of Criminal Appeals of Oklahoma.

July 10, 1992.

---

**37.** *See supra* note 4.

Virgil C. Black, Oklahoma City, Thomas M. Lahiff, Jr., New York City for appellant.

Cathy Stocker, Dist. Atty., Karen Cline, Asst. Dist. Atty., El Reno, Robert H. Henry, Atty. Gen., Susan Stewart Dickerson, Asst. Atty. Gen., Oklahoma City, for appellee.

## OPINION DENYING POST CONVICTION RELIEF

LUMPKIN, Vice–Presiding Judge:

Appellant, has appealed to this Court from an order of the District Court of Canadian County denying his application for post-conviction relief in Case No. CRF–79–303 and CRF–79–302. Appellant was convicted on two counts of Murder in the First Degree and two counts of Shooting With Intent to Kill. Appellant was sentenced to death for each of the murder counts, and forty-five (45) years imprison-

ment for each of the charges of shooting with intent to kill. Appellant's convictions on two counts of murder in the first degree and two counts of shooting with intent to kill were upheld by this Court in *Hatch v. State,* 662 P.2d 1377 (Okl.Cr.1983) [hereinafter, *Hatch I*]. However, in light of *Enmund v. Florida,* 458 U.S. 782, 102 S.Ct. 3368, 73 L.Ed.2d 1140 (1982), which forbids imposition of the death penalty against certain defendants, the case was remanded to the Canadian County District Court in *Hatch I* for an evidentiary hearing. In the *Hatch I* decision, this Court found that no error occurred, cumulative or otherwise, to justify further reversal or modification of petitioner's judgments and sentences. Hence, the remand was not for a full resentencing trial, but to review the sentencing imposed in light of *Enmund.*

On January 25 and 26, 1984, an evidentiary hearing was conducted before the Honorable Stan Chatman in compliance with this Court remand in *Hatch I.* At the conclusion of that hearing the trial court determined there was compliance with the constitutional mandate set forth in *Enmund* before the death penalty was imposed. In *Hatch v. State,* 701 P.2d 1039 (Okl.Cr.1985) (F–84–91) (Hereinafter *Hatch II*), this Court affirmed the trial court's finding that after applying the *Enmund* criteria, the sentences of death were supported by the evidence. In *Hatch II,* this Court reiterated that its reason for remanding this case to the district court was just to ensure compliance with the constitutional mandate as expounded in *Enmund.* On January 13, 1986, a Petition for writ of certiorari was denied by the United States Supreme Court in the same case. *See, Hatch v. Oklahoma,* 474 U.S. 1073, 106 S.Ct. 834, 88 L.Ed.2d 805 (1986).

On July 23, 1985, Appellant filed a writ of habeas corpus in federal district court and was denied relief on July 24, 1985. Appellant appealed the denial of federal habeas corpus relief on July 25, 1985, to the United States Court of Appeals for the 10th Circuit. That court granted Appellant a stay of his appeal on April 22, 1986, pending exhaustion of newly discovered claims in State court.

Appellant filed an application for Post–Conviction Relief in CRF–79–302, 79–303, 79–304 and 79–305 in the District Court of Canadian County, and a hearing was held on that application before the Honorable Joe Cannon on January 26, 1987. Judge Cannon, after finding sufficient evidence to show that Judge Chatman should have recused himself before conducting the sentencing review, granted post-conviction relief as to that review. In all other respects, post-conviction relief was denied. At the time the relief was granted, Appellant was returned to the position he occupied when this Court originally remanded his death sentences for review in light of *Enmund.*

On February 27, 1987, Appellant filed a Petition in Error in this Court appealing that portion of the District Court's decision denying his Application for Post–Conviction Relief in CRF–79–302, 79–303, 79–304, and 79–305. On March 6, 1987, this Court affirmed the District Court's order in PC–87–134.

On March 30, 1987, the sentencing review hearing commenced in the District Court of Canadian County before the Honorable Joe Cannon. On April 3, 1987, following the presentation of evidence, the district court fixed punishment at death in both CRF–79–302 and 79–303. Appellant was sentenced accordingly. On April 17, 1987, Appellant filed a Motion for New Trial. This motion was denied. Appellant is now asking this Court to review the validity of his sentences.[1]

---

1. When the application for post-conviction relief was filed with this Court, all of the documents necessary for a proper review were not included due to the fact that numerous applications for review had been filed on behalf of the Petitioner over a period of time. In an effort to locate the various documents, requests were made to the various courts that may have been involved in one or more hearings in this matter. When this inquiry was initiated in early 1990, we were informed by the federal district court that the documents had been returned to this Court. However, in March 1991, it was discovered that some of the necessary documents were still located in the federal district court for the western district of Oklahoma. These documents were forwarded but the file was still incomplete. On August 15, 1991, this Court received the final

In his complaint Appellant raises twelve allegations of error. Although Judge Cannon went beyond the scope of *Enmund* in his review, the only matter before this Court is the validity of that review in light of *Enmund.* Therefore, we limit our review only as to compliance with *Enmund,* which focuses on the individual culpability of the Appellant himself for "individualized consideration." See, 458 U.S. 782, 792, 102 S.Ct. 3368, 3377, 73 L.Ed.2d 1140 (1982). Specifically, *Enmund* forbids imposition of the death penalty on a defendant, who may have aided and abetted a felony in the course of which a murder was committed by others, but who did not himself kill, attempt to kill, intend to kill or contemplate that life would be taken.

For the foregoing reasons, only two of the twelve allegations raised in this appeal are properly before this Court: (1) Appellant's right to confront witnesses against him when a witness' past recollection recorded was read into the record; and (2) the trial court's refusal to admit the expert opinion of the defense psychiatrist that Appellant had no intent to kill and was dominated by his accomplice.

■ Appellant alleges his right to confront witnesses against him was violated when a witness's past recollection recorded was read into the record during the *Enmund* review. In *Teafatiller v. State,* 739 P.2d 1009, 1011 (Okl.Cr.1987), this Court admitted contents of a prior writing in which the witness' memory was refreshed. 12 O.S.1981, § 2803(5), clearly provides:

5. A memorandum or record concerning a matter about which a witness once had knowledge but now has insufficient recollection to enable him to testify fully and accurately, shown to have been made or adopted by the witness when the matter was fresh in his memory and to reflect that knowledge correctly. The memorandum or record may be read into evidence but may not itself be received as an exhibit unless offered by an adverse party.

Moreover, Section 2804(A)(3) of the Code states that "Unavailability of a witness,"

as used in this section, includes the situation in which the declarant testifies to a lack of memory of the subject matter of his statement. While Section 2803(5) is not predicated on the unavailability of the witness, this provision further validates the trial court's ruling. The witness referred to in this instance was Ms. Anderson who was present and testified both on direct and cross-examination. The statement in question was made by her to a sheriff in Texas in February, 1979. After testifying as to her conscious memory, a request was made to refresh Anderson's memory with this statement which was more detailed. After carefully reviewing the record, we find the admission of this statement is proper under the Oklahoma Evidence Code. This claim is unsupported.

Appellant further contends that the trial court erred in refusing to admit the expert opinion of a psychiatrist he wanted to testify at the *Enmund* review in April 1987, regarding his "intent" to kill and Ake's influence on October 15, 1979. It should be noted that Dr. Ratner examined the Petitioner for the first time in July 1986. (Tr. 357) During Ratner's testimony at the April, 1987, Enmund review, he testified regarding his examination of the records and Appellant, including his interpretation of the results of the various tests he administered to Petitioner as part of his evaluation.

■ Under Sections 2701 and 2702 of the Oklahoma Evidence Code, opinions must be helpful to the trier of fact. Further, Section 2403 allows the exclusion of such testimony if it is the needless presentation of cumulative evidence. Here the court was very lenient in allowing extensive hearsay evidence regarding the Petitioner's background. In addition, the Doctor was allowed to testify regarding the underlying data utilized by him in the evaluation process. The trial judge also allowed appropriate opinion testimony which was based on proper foundational data related by the witness. The opinion as to whether Petitioner possessed the intent to

set of documents from the Canadian County     Court Clerk's office.

kill on October 15, 1979, was properly denied since it was an opinion as to criminal liability. See, ABA Criminal Justice Mental Health Standards 7–6.6 comment (1983); See also *Gabus v. Harvey*, 678 P.2d 253 (Okl.1984). The opinion as to whether Petitioner was dominated by another person on the day of the murders could have been allowed, however, the denial of the opinion was harmless error due to the fact the information and data, coupled with the expert's interpretation, was previously admitted in the foundation evidence. This testimony indirectly presented the expert's opinion regarding both of these two issues. In addition, the foundational evidence, including the testing results, was sufficient to allow the fact-finder in this case to make the appropriate findings without Dr. Ratner's opinion. It is clear the judge considered the data from the various tests and the expert's opinion in his findings and conclusions on the record when he said:

> "... I listened to the psychiatrist who testified for him and the tests that he ran on him. Most of the tests all turned out to be normal. One of the things the psychiatrist said that he didn't believe in his opinion that he would commit an act of violence." (Tr.501)

The doctor's testimony, in this instance, would have been merely cumulative evidence.

■ According to the record, the sentencing judge at the close of the hearing went into a lengthy analysis in applying the criteria set forth in *Enmund* to the case at bar, and made his finding of fact and conclusions of law on the record. The judge concluded that Appellant was an active participant in a violent felony under circumstances likely to result in the loss of human lives, as a part of his *Enmund* analysis. Judge Cannon specifically noted that consideration was given to evidence concerning Appellant's individual participation and intent. These findings, together with our review of the record, support the sentences of death. The evidence reveals Appellant not only contemplated that life would be taken but was an active participant in committing the offenses.

Having carefully examined Appellant's application, the transcript of the hearing and the order of the District Court, we find that Appellant is not entitled to relief, and the order of the district court finding that Appellant's sentences of death are justified, and are in compliance with *Enmund*, is hereby AFFIRMED.

LUMPKIN, V.P.J., and LANE, P.J., and BRETT, PARKS and JOHNSON, JJ., concur.