19 F.3d 34
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Michael FYKES, also known as BAM, Defendant-Appellant.
 No. 92-1378.
 United States Court of Appeals, Tenth Circuit.
 March 28, 1994.
 
 ORDER AND JUDGMENT[1]
 Before SEYMOUR, Chief Judge, and McKAY, and BALDOCK, Circuit Judges.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R.App. P. 34(a); 10th Cir. R. 34.1.9. The cause is therefore ordered submitted without oral argument.
 
 
 2
 Michael Fykes was convicted of conspiracy to distribute cocaine in violation of 21 U.S.C. 846, and possession with intent to distribute cocaine in violation of 21 U.S.C. 841(a)(1) and 841(b)(1)(B). He was sentenced to 100 months in prison followed by five years of supervised release. The district court based this sentence on Mr. Fykes' presentence investigative report. Mr. Fykes argues that his criminal history points were incorrectly calculated in this report. He contends that a careless driving conviction, included in the report under U.S.S.G. 4A1.2(c)(1)(A), was incorrectly used to calculate his total points. As a result, he contends his total criminal history points should be 7 and not 8. He did not object on this ground in the presentence report or at the sentencing hearing.
 
 
 3
 Because Mr. Fykes failed to object below we review his argument only for plain error. See United States v. Occhipinti, 998 F.2d 791, 801 (10th Cir.1993). In order to constitute plain error, an error must affect "substantial rights" and result in a "miscarriage of justice" if it is not corrected. United State v. Saucedo, 950 F.2d 1508, 1511 (10th Cir.1991). The government concedes that the application of Mr. Fykes deferred judgment and sentence under 4A1.2(c)(1)(A) "may have been incorrect." Aplt. Br. at 7. While application of the wrong guideline range is plain error, see Occhipinti, 998 F.2d at 801-02, even Mr. Fykes agrees that without the inclusion of this criminal history point, he would still be in Category IV. His sentencing range would therefore remain the same even if this point were not counted. Mr. Fykes asserts nevertheless that it could make a difference "at some later point." Aple. Br. at 5.
 
 
 4
 Because no substantial right has been affected by the alleged error in this case, we may not conclude that plain error occurred. If the alleged error should affect Mr. Fykes' criminal history category in the future, he may reargue the issue at that time. The sentence given by the district court is AFFIRMED.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470