PUBLISH

UNITED STATES COURT OF APPEALS

Filed 8/6/96

TENTH CIRCUIT

STEVEN KEITH HATCH,

    Petitioner-Applicant,

v.

No. 96-727

STATE OF OKLAHOMA,

    Respondent.

**On Application for Order Authorizing Consideration
of Successive Petition for Writ of Habeas Corpus**

Thomas M. Lahiff, Jr., New York, New York, and Susan M. Otto, Federal Public
Defender, Oklahoma City, Oklahoma, for Petitioner-Applicant.

W.A. Drew Edmondson, Attorney General of the State of Oklahoma, and Sandra D.
Howard, Assistant Attorney General, Oklahoma City, Oklahoma, for Respondent.

Before **TACHA**, **BALDOCK** and **EBEL**, Circuit Judges.

**PER CURIAM**

    Petitioner-Applicant Steven Keith Hatch was convicted in Oklahoma state court of

two counts of first degree murder.  After his first two sentencing procedures were

declared invalid by the Oklahoma courts, Hatch was sentenced to death by lethal injection. The Oklahoma Court of Criminal Appeals affirmed Hatch's sentence on July 10, 1992. Hatch v. State, 835 P.2d 880 (Okla. Crim. App. 1992). Hatch then filed a petition for writ of habeas corpus in the United States District Court for the Western District of Oklahoma. The district court denied the petition and we affirmed on appeal. Hatch v. Oklahoma, 58 F.3d 1447 (10th Cir. 1995). On June 3, 1996, the Supreme Court denied Hatch's petition for a writ of certiorari, 116 S. Ct. 1881 (1996). Hatch's execution is set for August 9, 1996.

On July 9, 1996, Hatch filed with this Court an "Application for Order Authorizing Consideration of Successive Petition for Writ of Habeas Corpus" pursuant to the newly-enacted requirements of Title I of the Antiterrorism and Effective Death Penalty Act of 1996 ("the 1996 Act"), Pub. L. No. 104-132, 110 Stat. 1217 (1996). Under the 1996 Act, a petitioner who seeks to file a "second or successive" habeas corpus petition in the district court must first apply to the appropriate court of appeals for an order authorizing the district court to consider the successive petition. Id. § 106(b) (to be codified at 28 U.S.C. § 2244(b)(3)). Pursuant to this so-called "gatekeeper" mechanism, the court of appeals may grant such an order only if it determines that the applicant has made a "prima facie showing" that the application satisfies the 1996 Act's criteria for second or successive applications. Id. Hatch challenges the applicability of the 1996 Act to his case, but nonetheless has filed the instant application with this Court as a precautionary

measure should his challenge to the 1996 Act be rejected. Hatch also requests a stay of execution to allow review of the claims presented in his successive petition. The issues before us, therefore, are: (1) whether the 1996 Act applies; (2) whether Hatch has made a prima facie showing under the Act; and (3) whether Hatch is entitled to a stay of execution. For the reasons set forth below, we conclude the 1996 Act is applicable and we deny Hatch's application and the requested stay.

## I.

On April 24, 1996, the President signed into law the Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. No. 104-132, 110 Stat. 1217 (1996). See generally Felker v. Turpin, 116 S. Ct. 2333 (1996). In addition to creating the gatekeeper mechanism, the 1996 Act establishes a new standard for evaluating second or successive habeas petitions. In this regard, section 106(b) of the 1996 Act amends 28 U.S.C. § 2244(b) to read, in pertinent part:

> (b)(1) A claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed.
>
> (2) A claim presented in a second or successive habeas corpus application under section 2254 that was not presented in a prior application shall be dismissed unless--
>
> > (A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
> >
> > (B)(I) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and

-3-

(ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable fact finder would have found the applicant guilty of the underlying offense.

## II.

Initially, Hatch argues that the requirements of the 1996 Act do not apply to his case. He contends that application of the statute to his second federal habeas petition would constitute a retroactive application of penal legislation and thus would run afoul of the Ex Post Facto Clause.[1] We disagree. As the Supreme Court has stated, in order to violate the Ex Post Facto Clause, a challenged law must at a minimum "'be retrospective, that is, it must apply to events occurring before its enactment.'" Miller v. Florida, 482 U.S. 423, 430 (1987) (quoting Weaver v. Graham, 450 U.S. 24, 29 (1981)). Here, Hatch filed the instant application for an order authorizing a second or successive habeas petition on July 9, 1996, more than two months after the President signed the 1996 Act into law on April 24, 1996.[2] Because the 1996 Act was already in place at the time of

---

[1] "No Bill of Attainder or ex post facto Law shall be passed." U.S. Const. art. 1, § 9, cl. 3.

[2] The 1996 Act does not contain an effective date provision for the amendments to 28 U.S.C. § 2244 which are at issue in this case. See Lennox v. Evans, No. 96-6041, 1996 WL 343632, *2 & n.1 (10th Cir. June 24, 1996). We assume, therefore, that the amendments became effective on April 24, 1996, the date the law was enacted. Bradshaw v. Story, 86 F.3d 164, 166 (10th Cir. 1996) ("A statute is effective upon the date of its enactment unless an express provision states otherwise.") (quotation omitted).

Hatch's filing with this Court, the application of the 1996 Act to his case is not retroactive, and thus does not implicate the Ex Post Facto Clause.

**III.**

Having determined the 1996 Act applies to this case, we now turn to the substance of Hatch's application. The successive habeas petition Hatch asks us to authorize for consideration contains four claims. Hatch's first claim is that the information which charged him with felony murder, and under which he was convicted, was insufficient to confer subject matter jurisdiction on the state trial court. The information was inadequate, Hatch argues, because it did not provide any facts in support of the underlying felony of robbery with a dangerous weapon. However, we need not decide whether the information was deficient, nor do we need to decide whether this alleged deficiency in fact deprived the state court of jurisdiction, because lack of jurisdiction is not an authorized ground upon which a second or successive habeas petition may be filed under the 1996 Act. Claims presented in a second or successive habeas petition which were not presented in a prior habeas petition must be dismissed unless either: (1) "the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable"; or (2) "the factual predicate for the claim could not have been discovered previously through the exercise of due diligence" and "the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing

-5-

evidence that, but for constitutional error, no reasonable fact finder would have found the applicant guilty of the underlying offense." Pub. L. No. 104-132, § 106(b) (to be codified at 28 U.S.C. § 2244(b)(2)). Quite clearly, Hatch's claim does not fall within either of these categories; it does not rely on a new rule of constitutional law, nor does it rely upon a factual predicate which was previously undiscoverable. If the information filed in Hatch's original prosecution truly was deficient, the errors were apparent on the face of the charging document. Cf. Felker v. Turpin, 83 F.3d 1303, 1306 (11th Cir. 1996) (denying request to file second or successive habeas application because "[t]he factual predicate, to the extent any exists, is apparent on the face of the trial record"), cert. dismissed and habeas corpus denied, 116 S. Ct. 2333 (1996).

Hatch's second claim is that he is entitled to relief under the Supreme Court's recent decision in Cooper v. Oklahoma, 116 S. Ct. 1373 (1996). In Cooper, the Supreme Court struck down Oklahoma's current competency law, which provides that a criminal defendant is presumed competent to stand trial unless he can prove his incompetence to the court "by clear and convincing evidence," Okla. Stat. tit. 22, § 1175.4(B). The Supreme Court concluded in Cooper that the Oklahoma scheme ran afoul of the Due Process Clause because it allowed a criminal defendant to be "put to trial even though it is more likely than not that he is incompetent." 116 S. Ct. at 1375. Hatch contends that his original competency determination was constitutionally flawed under Cooper, and thus he is entitled to file a second or successive habeas petition under the provision of the 1996

Act allowing claims based on a "new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." Pub. L. No. 104-132, § 106(b) (to be codified at 28 U.S.C. § 2244(b)(2)(A)). Cooper does not provide a basis for Hatch to file a successive habeas petition because Hatch's competency to stand trial was not determined under the Oklahoma scheme invalidated in Cooper. Rather, Hatch was found competent under a predecessor statute which did not possess the unconstitutional attributes identified in Cooper. Unlike Mr. Cooper, who was forced to prove his incompetence by clear and convincing evidence, the statutory scheme under which Hatch was found competent simply called for a medical determination by state doctors whether the defendant was "presently sane" or "presently insane." See Okla. Stat. tit. 22, §§ 1173-1174 (repealed 1980). Although Hatch assails this scheme as "standardless," in the absence of a express statutory command requiring a higher burden of proof, the simple disjunctive of "sane" or "insane" requires the fact finder to determine whether the defendant is "more likely than not" competent to stand trial. Our conclusion that Oklahoma's superseded competency procedures applied a constitutionally adequate preponderance standard is supported by the analysis in Cooper itself, where the Supreme Court reviewed historical competency procedures and concluded that where the law articulates no standard of proof but phrases the inquiry in the simple disjunctive--e.g., "whether [the defendant] be insane or not"--the suggestion is that the fact finder must determine "whether the defendant [is] 'more likely than not' incompetent." 116 S. Ct.

-7-

1378 & 1379 n.13. Thus, because Hatch has failed to show that his competency determination was marred by the application of clear and convincing standard of proof, Cooper would not entitle him to successive habeas relief even if it otherwise would come within the ambit of the 1996 Act.[3]

This claim is not exhausted. Hatch has raised this issue in state court in Oklahoma, but there has been no ruling on the Cooper claim. Exhaustion is not, however, a precondition to our consideration of this Application for Order Authorizing a Successive Petition for Habeas Corpus Relief. Were we to grant this application, the district court would then have before it the merits of Hatch's habeas petition, and in that context the district court would need to decide whether the claim was exhausted or whether waiver of the exhaustion requirement is warranted. See Harris v. Champion, 15 F.3d 1538, 1546 (10th Cir. 1994). In this proceeding, however, we are merely performing a gatekeeping function. Exhaustion of the Cooper claim is not a prerequisite to our

---

[3] Hatch argues that he was afforded less due process than Mr. Cooper because the Oklahoma scheme under which Hatch was found competent left the determination to medical doctors and did not provide the right to a judicial competency hearing. However, a criminal defendant's due process right to a judicial competency hearing in certain situations was not established in Cooper, but rather has its roots in earlier Supreme Court decisions. See, e.g., Pate v. Robinson, 383 U.S. 375, 377, 385-86 (1966); Drope v. Missouri, 420 U.S. 162, 172-73 (1975). Thus, even if Hatch is correct that his due process rights were violated by the state trial court's failure to conduct a judicial competency hearing, this claim would not be relying on "a new rule of constitutional law . . . that was previously unavailable," and thus would not be cognizable under the 1996 Act.

-8-

consideration of the question whether a successive application is appropriate. Pub. L. No. 104-132, § 106(b)(stating that the grounds for granting an application for order authorizing a successive habeas petition are limited to 1) a showing that the applicant is relying on a new rule of law made retroactive to cases on collateral review by the Supreme Court, or 2) that the factual predicate underlying the claim could not have been discovered previously and such facts, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable fact finder would have found the applicant guilty of the underlying offense)(to be codified at 28 U.S.C. § 2244(b)(2)).

Hatch's third claim for relief is that he is being denied his right to present an effective argument for executive clemency because prison officials are not permitted to testify on his behalf. Hatch's clemency claim fails to make a prima facie showing under the 1996 Act. It does not rely on a new rule of constitutional law, nor does it rely on newly discovered facts which, "if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable fact finder would have found [Hatch] guilty of the underlying offense." Pub. L. No. 104-132, § 106(b) (to be codified at 28 U.S.C. § 2244(b)(2)). Moreover, Hatch has not even asserted a constitutional right cognizable in a federal habeas corpus proceeding. See Herrera v. Collins, 113 S. Ct. 853, 867 (1993) ("[T]he Constitution . . . does not require the States to enact a clemency mechanism.");

Connecticut Bd. of Pardons v. Dumschat, 452 U.S. 458, 464 (1981) ("[A]n inmate has 'no constitutional or inherent right' to commutation of his sentence.") (quoting Greenholtz v. Nebraska Penal Inmates, 442 U.S. 1, 7 (1979)). Therefore, Hatch fails another section of the 1996 Act that requires a petitioner to make a "substantial showing of the denial of a constitutional right." Pub. L. No. 102-132, § 102 (to be codified at 28 U.S.C. § 2253(c)); Lennox v. Evans, No. 96-6041, 1996 WL 343632, *3 (10th Cir. June 24, 1996).

Hatch's fourth and final ground for relief is that certain errors which were committed at both his first and second penalty trials divested the state courts of jurisdiction to sentence him to death. Hatch concedes that this issue was raised in his first habeas petition. He contends, however, that the issue was not addressed on the merits in the first proceeding and thus may be raised in a successive habeas petition. We disagree with Hatch's premise that this issue was not decided on the merits in his first federal habeas proceeding. Although our decision disposing of Hatch's first habeas appeal did not ultimately decide whether or not errors occurred at the first or second sentencing trials, we did conclude that any such errors were rendered moot and irrelevant by Hatch's third sentencing trial, which superseded the prior sentencing proceedings and was not marred by constitutional error. Hatch, 58 F.3d at 1453. Our earlier ruling thus held that Hatch was not entitled to habeas relief based on the alleged errors at his first and second sentencing trials. Because the 1996 Act mandates the dismissal of claims "presented in a second or successive habeas corpus application . . . that [were] presented in a prior

-10-

application," Pub. L. No. 104-132, § 106(b) (to be codified at 28 U.S.C. § 2244(b)(1)), we find no merit in Hatch's fourth claim.

**IV.**

Hatch has not made a "prima facie showing that [his] application satisfies the requirements of" the 1996 Act. Pub. L. No. 104-132, § 106(b) (to be codified at 28 U.S.C. § 2244(b)(3)(C)). Hatch's application thus fails to demonstrate "'substantial grounds upon which relief might be granted'" so as to entitle him to a stay of execution. Delo v. Stokes, 495 U.S. 320, 321 (1990) (quoting Barefoot v. Estelle, 463 U.S. 880, 895 (1983)). Accordingly, the Application for Order Authorizing Consideration of Successive Petition for Writ of Habeas Corpus is **DENIED**, and the request for a stay of execution is **DENIED**. No petition for rehearing nor suggestion for rehearing en banc will be entertained. Pub. L. No. 104-132, § 106(b)(3)(E)(noting that the grant or denial of an authorization by a court of appeals to file a successive application cannot be the subject of a petition for rehearing in the court of appeals)(to be codified at 28 U.S.C. § 2244(b)(3)(E)); see also Felker, 116 S. Ct. at 2340 (finding constitutional that portion of the Act which limits petitions for rehearing in the courts of appeals).