# UNITED STATES COURT OF APPEALS
## Tenth Circuit
### Byron White United States Courthouse
### 1823 Stout Street
### Denver, Colorado 80294
### (303) 844-3157

Patrick J.  Fisher, Jr.                                          Elisabeth A. Shumaker

Clerk                                                           Chief Deputy Clerk


December 20, 1996


TO:   All recipients of the captioned order and judgment

RE:   96-1138, U.S. v. Fykes
      December 5, 1996


      Please be advised of the following correction to the captioned decision:

      The order and judgment is changed by deleting footnote one on page two. The reference to a denial of the certificate of appealability on the last page is also deleted, and the district court is affirmed on the merits.

      The corrected version of the order and judgment is attached.

                                    Very truly yours,

                                    Patrick Fisher, Clerk



                                    Susie Tidwell
                                    Deputy Clerk

# UNITED STATES COURT OF APPEALS

## TENTH CIRCUIT

UNITED STATES OF AMERICA,

      Plaintiff-Appellee,

v.

MICHAEL FYKES,

      Defendant-Appellant.

No. 96-1138
(D.C. No. 95-M-3001)
(D. Colo.)

---

## ORDER AND JUDGMENT[*]

---

Before **BRORBY**, **EBEL**, and **HENRY**, Circuit Judges.[**]

---

Defendant-Appellant Michael Fykes appeals the district court's dismissal of his petition to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255. The district court dismissed the petition as an abuse of the writ. For the following reasons, we now affirm the district court's order dismissing Fykes's petition as an abuse of the writ.

---

    \* This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. This court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

    \*\* After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9. The cause is therefore ordered submitted without oral argument.

Fykes was convicted of conspiracy to distribute cocaine on December 4, 1992, and sentenced to 100 months in prison followed by five years of supervised release. On direct appeal, Fykes argued that his criminal history had been erroneously calculated as category IV due to the erroneous inclusion of a careless driving offense in that calculation. We affirmed the sentence imposed by the district court, concluding that even without the point charged for the careless driving offense Fykes's criminal history placed him in category IV. United States v. Fykes, 19 F.3d 34 (Table), 1994 WL 97050 (10th Cir. Mar. 28, 1994) [Fykes I]. However, we noted that "if the alleged error should affect Mr. Fykes criminal history category in the future, he may reargue the issue at that time." Id.

Subsequently, Fykes brought a habeas petition in which he claimed that his trial counsel had provided ineffective assistance by failing to ensure that two witnesses would be able to testify at trial. United States v. Fykes, 53 F.3d 343 (Table), 1995 WL 265930 (10th Cir. May 8, 1995) [Fykes II]. On appeal, we affirmed the district court's denial of that petition, finding that the testimony of the two witnesses would not have altered the outcome of the trial. Id. at *2-*3. On June 22, 1995, Fykes brought a second habeas petition under 28 U.S.C. § 2255 which again challenged the district court's assessment of his criminal history. (I R.O.A. Tab 2). Fykes did not appeal the district court's June 23, 1995 order dismissing that petition as an abuse of the writ. Id.

This is Fykes's third effort to win relief under 28 U.S.C. § 2255.[1]  Fykes makes two arguments in the current petition.  First, Fykes argues that a review of his criminal history calculation has revealed another error by the trial court, in which a marijuana possession conviction for which Fykes paid a $258 fine was not treated as an exempt non-felony offense under U.S.S.G. § 4A1.2.(c)(1).  Second, Fykes agues that his appellate counsel provided ineffective assistance by failing to argue that the marijuana conviction should not have been included in the criminal history calculation.  Fykes contends that we invited him to bring this petition by stating in our opinion on direct appeal that "if the alleged error should affect Mr. Fykes criminal history category in the future, he may reargue the issue at that time."  Fykes I, 1994 WL 97050.

Fykes has misconstrued both the statement in our earlier opinion and the applicable doctrine of abuse of the writ.  When we stated that Fykes was free to relitigate whether his careless driving conviction should be counted in his criminal history "in the future," we meant only that should Fykes be convicted of another offense our prior decision would not collaterally estop him from making

---

[1]      Fykes filed his petition on December 5, 1995, and thus this case is not affected by the successive petition provisions of AEDPA, 28 U.S.C. § 2244(b), which was signed into law on April 24, 1996.  Compare Hatch v. Oklahoma, 92 F.3d 1012, 1014 (10th Cir. 1996) (holding successive petition provisions applicable where application to file successive petition was filed after effective date of AEDPA); see also Bradshaw v. Story, 86 F.3d 164, 166 (10th Cir. 1996) ("A statute is effective upon the date of its enactment unless an express provision states otherwise." (quotation omitted)).

that argument at that time. We did not suggest that Fykes should continue to litigate this issue in connection with his present sentence.

Moreover, the present petition is a patent abuse of the writ. Fykes challenged his sentence on direct appeal, and has had ample opportunity to challenge both his sentence and the effectiveness of his trial and appellate counsel during his two previous habeas petitions. In fact, his direct appeal dealt specifically with sentencing issues, and his first habeas petition was based on an ineffective assistance claim. Accordingly, the district court properly found an abuse of the writ in Fykes's present attempt to raise those claims in a third habeas petition. Cf. Rules Governing § 2254 Cases in the United States District Courts 9(b) (stating that finding of abuse of the writ may be found if petition does not allege new or different grounds for relief, or if new and different grounds for relief could have been raised in a previous petition). Further, Fykes has provided no explanation for his failure to include any of the novel issues raised by the present petition in his previous petition. Thus, we have no reason to find an exception to the abuse of the writ doctrine here. United States v. Richards, 5 F.3d 1369 (10th Cir. 1993) (holding that defendant must show "cause and prejudice" before exception to abuse of the writ will be found).

Accordingly, we AFFIRM the district court's order dismissing Fykes's petition.

ENTERED FOR THE COURT

David M. Ebel
Circuit Judge