USCA1 Opinion

 

 UNITED STATES COURT OF APPEALS FOR THE FIRST CIRCUIT ____________________ Misc. No. 96-8057 NORMAN E. DICKINSON, Petitioner, v. STATE OF MAINE, Respondent. ____________________ APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MAINE [Hon. Eugene W. Beaulieu, U.S. Magistrate Judge] _____________________ ____________________ Before Selya, Boudin and Lynch, Circuit Judges. ______________ ____________________ Norman E. Dickinson on motion to file second or successive ____________________ petition under 28 U.S.C. 2254 pro se. ____________________ December 12, 1996 ____________________ Per Curiam. Petitioner has filed a motion to file __________ a second or successive petition under 28 U.S.C. 2244(b).  Petitioner's first 2254 petition, filed in 1992, was dismissed for failure to exhaust state remedies. Petitioner has since pursued various state remedies and now asserts that he has exhausted state remedies.1 For the 1 reasons stated in Camarano v. Irvin, 98 F.3d 44 (2d Cir. Oct. ________ _____ 22, 1996), we conclude that in these circumstances petitioner's present 2254 petition is not a second or successive petition within the meaning of 28 U.S.C.  2244(b). Consequently, petitioner is not required to obtain permission from this court to file his present 2254 petition in the district court.  We note that the district court struck petitioner's present 2254 petition under the mistaken impression that petitioner had to obtain permission to file from this court before the district court could entertain the petition. As we have now determined that permission is not required because the earlier petition was dismissed for failure to exhaust state remedies, petitioner may now refile his 2254 petition in the district court.  ____________________ 1We do not now decide whether he has in fact exhausted 1 state remedies, see Hatch v. State of Oklahoma, 92 F.3d 1012, ___ _____ _________________ 1016 (10th Cir. 1996), or whether the claims petitioner seeks to present are meritorious. -2-