**UNITED STATES of America,
Plaintiff/Respondent,**

v.

**Gerald L. CARLOS, Defendant/Movant.**

**Nos. 96–3445–SAC, 91–10016–01.**

United States District Court,
D. Kansas.

Dec. 31, 1996.

---

Gerald L. Carlos, Sandstone, MN, pro se.

D. Blair Watson, Office of United States Attorney, Wichita, KS, for U.S.

## MEMORANDUM AND ORDER

CROW, Senior District Judge.

On March 13, 1991, the grand jury returned an eight count indictment charging Gerald L. Carlos with one count of conspiracy to distribute cocaine base (Count I), five counts of distribution of cocaine base (Counts II–VI), and two counts of carrying a firearm during and in relation to a drug trafficking crime (Counts VII–VIII). At trial, Carlos was represented by Kiehl Rathbun, appointed counsel.

Trial of this case commenced on June 16, 1992. At the close of the government's case, the court granted Carlos' motion for judgment of acquittal on Count VIII, but denied his motion as it pertained to Counts I–VII. The case proceeded on the remaining counts. The primary theory of the defense was one of entrapment: undercover law enforcement officers entrapped Carlos, a person highly susceptible to suggestion based upon his low I.Q., into committing multiple narcotic or narcotic related offenses. Carlos requested and received an entrapment instruction. On June 22, 1992, the jury returned a verdict finding Carlos guilty on all of the remaining counts. On September 10, 1992, the court imposed sentence. The court imposed a primary term of incarceration of one hundred and twenty-one months on Counts I–VI and sixty months on Count VII, to be served consecutively. Carlos appealed his conviction of carrying a firearm during and in relation to a drug trafficking crime (Count VII), but apparently raised no other issues. *See United States v. Carlos,* No. 92–3341, 1993 WL 265149, 1993 U.S.App. LEXIS 17627 (10th Cir. July 14, 1993). The Tenth Circuit affirmed Carlos' conviction on Count VII.

On February 9, 1995, Carlos filed a motion pursuant to 28 U.S.C. § 2255 to vacate or set aside his sentence. Carlos primarily argued that because his property was forfeited to the government prior to the time jeopardy attached in the criminal case, all of his criminal convictions are barred by double jeopardy. Carlos also challenged the sufficiency of the evidence, the propriety of the court's jury instructions regarding "crack cocaine" and the adequacy of his counsel.

On September 29, 1995, this court entered a memorandum and order denying Carlos' § 2255 motion, and that decision was affirmed by the Tenth Circuit. *See United States v. Carlos,* 906 F.Supp. 582 (D.Kan. 1995), *aff'd,* 85 F.3d 641 (10th Cir.1996) (Table) (available on Westlaw at 1996 WL 148583).

This case comes before the court upon Carlos' second motion pursuant to § 2255. Carlos' second § 2255 motion was filed on September 20, 1996. In this motion, Carlos seeks relief from his § 924(c)(1) conviction based upon the Supreme Court's decision in *Bailey v. United States,* — U.S. —, 116 S.Ct. 501, 133 L.Ed.2d 472 (1995). In *Bailey,* the Supreme Court defined the word "use" found in § 924(c)(1) in a manner substantially more narrow than the Tenth Circuit had

previously construed the term. In *Bailey,* the Supreme Court held that "'use' must connote more than mere possession of a firearm by a person who commits a drug offense." —— U.S. at ——, 116 S.Ct. at 506. *See United States v. Wacker,* 72 F.3d 1453 (10th Cir.1995), *cert. denied,* —— U.S. ——, 117 S.Ct. 136, 136 L.Ed.2d 84 (1996).

On October 8, 1996, the court entered an order requiring the government to file a response to Carlos' motion. In the government's response, it argues that Carlos' second 2255 petition is barred by Rule 9(b) of the Rules Governing Section 2255 Proceedings (dismissal of second or successive § 2255 motions). Assuming that Carlos' second petition is not barred by Rule 9(b), the government argues that Carlos should find no succor in the Supreme Court's decision in *Bailey,* as he was charged only with "carrying" a firearm during and in relation to a drug trafficking crime. The government contends that the evidence was clear that Carlos "carried" a firearm during and in relation to a drug trafficking crime, and therefore his conviction should stand. *See United States v. Cox,* 83 F.3d 336, 342 (10th Cir.1996) (*Bailey* does not apply to a defendant charged with "carrying" a firearm during and in relation to a drug trafficking crime).

Carlos filed a reply to the government's response. In his response, Carlos requested the appointment of counsel. The court denies that request.

### Analysis

Although the government's response addresses the issue of successive § 2255 motions under Rule 9(b), neither party even mentions the possible applicability and potential impact of the recent amendments to § 2255. Presumably both parties are unaware of those amendments.

"On April 24, 1996, the President signed into law the Antiterrorism and Effective Death Penalty Act of 1996 [AEDPA], Pub.L. No. 104–132, 110 Stat. 1217 (1996)." *Hatch v. State of Okl.,* 92 F.3d 1012, 1014 (10th Cir.1996). Section 105 of the AEDPA amends § 2255 to provide that:

A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain—

(1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or

(2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

The cross reference is to § 2244, as amended by § 106 of the AEDPA, 110 Stat. 1221, which imposes the following procedural requirements:

(3)(A) Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.

(B) A motion in the court of appeals for an order authorizing the district court to consider a second or successive application shall be determined by a three-judge panel of the court of appeals.

(C) The court of appeals may authorize the filing of a second or successive application only if it determines that the application makes a prima facie showing that the application satisfies the requirements of this subsection.

28 U.S.C. § 2244(b)(3) (1996).

Several federal courts have considered the impact of these amendments on second or successive § 2255 motions filed after the effective date of the AEDPA. In *Nunez v. United States,* 96 F.3d 990, 992 (7th Cir. 1996), the defendant had filed his first § 2255 motion in 1993. The defendant's second § 2255 motion was filed with the district court on June 27, 1996, after the effective date of the AEDPA. The defendant did not seek approval from the court of appeals prior to filing his second motion. The district court denied the defendant's second motion for failing to seek approval from the court of appeals, and the defendant appealed. In af-

firming the district court's order, the Seventh Circuit stated:

> The district court had no option other than to deny the petition. No matter how powerful a petitioner's showing, only this court may authorize the commencement of a second or successive petition. Unlike the former standard, under which a second petition could be pursued unless the government established that it was an abuse of the writ, *see McCleskey v. Zant,* 499 U.S. 467, 477, 494–95, 111 S.Ct. 1454, 1461, 1470–71, 113 L.Ed.2d 517 (1991), the new prior-approval device is self-executing. From the district court's perspective, it is an allocation of subject-matter jurisdiction to the court of appeals. A district court must dismiss a second or successive petition, without awaiting any response from the government, unless the court of appeals has given approval for its filing. Even an explicit consent by the government to beginning the case in the district court would be ineffectual; the power to authorize its commencement does not reside in either the district court or the executive branch of government. A second or successive collateral attack may no more begin in the district court than a criminal prosecution may commence in the court of appeals.

96 F.3d at 991. *See Roldan v. United States,* 96 F.3d 1013, 1014 (7th Cir.1996) ("The prior certification requirement applies only to proceedings commenced on or after April 24, 1996.").

Although the court could find no published opinion from the Tenth Circuit expressly deciding the issue in the context of a § 2255 motion,[1] the Tenth Circuit has decided the parallel issue in the context of habeas corpus motions. Section 106(b) of the AEDPA amends 28 U.S.C. § 2244(b), establishing a new standard for evaluating second or successive habeas corpus motions filed pursuant to 28 U.S.C. § 2254. In *Hatch,* the Tenth Circuit held that the successive petition provisions of the AEDPA pertaining to habeas

corpus motions pursuant to § 2254 applied to a second petition for writ of habeas corpus filed after the effective date of the AEDPA. 92 F.3d at 1014.

Based upon the 1996 amendments to § 2255, this district court lacks authority to entertain Carlos' second § 2255 motion. Carlos must seek certification from the Tenth Circuit court of appeals.

Some courts faced with similarly unauthorized successive § 2255 motions have simply dismissed the defendant's motion for lack of jurisdiction. *See, e.g., United States v. Thomas,* 1996 WL 583178 (E.D.Pa. Oct. 10, 1996). The Second Circuit has suggested an alternative means of handling an unauthorized successive § 2255 motion: "We accordingly rule that when a second or successive petition for habeas corpus relief or § 2255 motion is filed in a district court without the authorization by this Court that is mandated by § 2244(b)(3), the district court should transfer the petition or motion to this Court in the interest of justice pursuant to [28 U.S.C.] § 1631, as was done in this case." *Liriano v. United States,* 95 F.3d 119, 122 (2nd Cir.1996). In two cases, *United States v. Dryden,* 1996 WL 707097 (D.Kan. Oct. 2, 1996) and *Riddick v. United States,* 1996 WL 568815 (D.Kan. Sept. 27, 1996), Judge Lungstrum has followed the Second Circuit's approach and simply transferred an unauthorized second § 2255 petition to the Tenth Circuit under § 1631.

Because it appears that Carlos' submission of his second § 2255 motion to this court is based upon his unawareness the recent amendments to § 2255 requiring the court of appeals to authorize this filing, and in light of the case law suggesting that this is a superior course to dismissal for lack of jurisdiction, this matter is transferred to the United States Court of Appeals for the Tenth Circuit in the interest of justice under 28 U.S.C. § 1631. *See United States v. Hurse,* No. 96–3294–SAC, 1996 WL 772605 (D.Kan. Dec. 31, 1996) (court sua sponte transfers second

---

1. In *United States v. Fykes,* 1996 WL 699762 (10th Cir. Dec. 5, 1996), an unpublished opinion, the Tenth Circuit recognizes the potential impact of the AEDPA on successive § 2255 motions. *See Fykes,* 1996 WL 699762 at *1 n. 2 ("Fykes filed his petition on December 5, 1995, and thus this case is not affected by the successive petition provisions of the AEDPA, 28 U.S.C. § 2255(b), which was signed into law on April 24, 1996.").

§ 2255 motion to Tenth Circuit pursuant to § 1631).

IT IS THEREFORE ORDERED that Carlos' second § 2255 motion, filed on September 20, 1996, is transferred to the Tenth Circuit Court of Appeals pursuant to 28 U.S.C. § 1631.