**UNITED STATES of America, Plaintiff–Respondent,**

v.

**Miguel Diaz RODRIGUEZ, a/k/a David Peirallo, Defendant–Petitioner.**

Nos. 91 C 55, 87 CR 688–4.

United States District Court, N.D. Illinois, E.D.

June 12, 1992.

Miguel Diaz Rodriguez, pro se.

William D. Shaver, Asst. U.S. Atty., U.S. Attys. Office, Chicago, Ill., for plaintiff-respondent.

## ORDER

NORGLE, District Judge.

Before the court is the petition of Miguel Diaz Rodriguez, a/k/a David Peirallo

group at issue be politically cohesive. *Thornburg v. Gingles,* 478 U.S. 30, 50–51, 106 S.Ct. 2752, 2766–67, 92 L.Ed.2d 25 (1986).

("Rodriguez"), for relief pursuant to Title 28, United States Code, Section 2255. The government has filed its response. For reasons that follow, the petition is denied.

### FACTS

On January 19, 1988, Rodriguez entered a plea of guilty to Counts One (21 U.S.C. § 846), Five (21 U.S.C. § 841(a)(1)), and Six (18 U.S.C. § 924(c)(1)) of the indictment.

During the summer and early fall of 1987, defendant-petitioner Rodriguez and his co-defendants sold cocaine in the City of Chicago. On September 9, 1987, Rodriguez met his co-defendants at Wabansia and Artesian Street in Chicago, Illinois to effect delivery of one kilogram of cocaine, which Rodriguez had previously transported from Miami, to co-defendant Gerardo Perez. Rodriguez and his co-defendants were arrested immediately following the drug transaction. During the arrest, the police officers discovered a .25 caliber automatic pistol with live rounds in Rodriguez's right pants leg pocket. Gerardo Perez testified at trial that prior to the transaction, Rodriguez had told him that he had a gun and would kill if anything went wrong.

On May 1, 1988, Rodriguez received the following sentence: five years imprisonment under Count One for conspiracy; ten years imprisonment, plus four years supervised release, under Count Five for possession of cocaine with intent to distribute; and five years imprisonment under Count Six for carrying a firearm during and in relation to a drug trafficking crime. The sentences on Counts Five and Six were consecutive and the sentence on Count One was concurrent with Counts Five and Six, resulting in a total of fifteen years imprisonment plus four years supervised release.

Rodriguez did not file any motions or exercise any post-conviction procedural rights with respect to his conviction and sentence on March 1, 1988. He did not request reconsideration of his sentence, nor did he contest his sentence or allege violations of his constitutional rights through an appeal.

On January 4, 1991, however, almost three years after sentencing, Rodriguez filed this petition pursuant to 28 U.S.C. § 2255 to vacate his five year consecutive sentence under 18 U.S.C. § 924(c), as well as his sentence of four years of supervised release under 21 U.S.C. § 841(a)(1), (b)(1)(B). In the alternative, Rodriguez requests an evidentiary hearing. The court finds, however, there are no issues before the court which require an evidentiary hearing.

### DISCUSSION

Rodriguez raises three grounds for relief under 28 U.S.C. § 2255. First, he claims that this court should not have sentenced him to a five year consecutive term under 18 U.S.C. § 924(c) because § 924(c) operates as an enhancement provision and not a "separate sentence," and Rodriguez was erroneously convicted based on the amended version of § 924(c)(1). Second, petitioner seeks to vacate or correct the five year supervised release period on the ground that 21 U.S.C. § 841(a)(1), (b)(1)(B) did not authorize such a sentence for offenses involving less than one kilogram of cocaine committed before November 1, 1987. Lastly, Rodriguez contends he received ineffective assistance of counsel during the plea and sentencing proceedings.

■ The court agrees with the United States's response to the petition. A motion pursuant to 28 U.S.C. § 2255 cannot operate as a surrogate for a direct appeal. *United States v. Frady*, 456 U.S. 152, 165, 102 S.Ct. 1584, 1593, 71 L.Ed.2d 816 (1982); *United States v. Pollard*, 959 F.2d 1011, 1020 (D.C.Cir.1992); *Theodorou v. United States*, 887 F.2d 1336, 1339 (7th Cir.1989); *Johnson v. United States*, 838 F.2d 201, 202 (7th Cir.1988); *United States v. Pierce*, No. 90 C 7399, 88 CR 823–1, 1991 WL 34636 (N.D.Ill. Mar. 13, 1991). Consequently, a defendant may not raise via a § 2255 petition: 1) issues which were raised on direct appeal, 2) nonconstitutional issues which could have been but were not raised on direct appeal, and 3) constitutional issues which were not raised on appeal, unless defendant demonstrates cause for the failure to raise the issue and actual prejudice resulting from it. *Norris v.*

*United States,* 687 F.2d 899 (7th Cir.1982). Under *Norris,* a petitioner such as Rodriguez who raises a matter in a § 2255 petition which could have been raised on appeal, must show that there was good cause for his failure to appeal and that he suffered prejudice as a result of that failure.

> Once the defendant's chance to appeal has been waived or exhausted ... we are entitled to presume he stands fairly and finally convicted, especially when, as here, he already has had a fair opportunity to present his federal claims to a federal forum. Our trial and appellate procedures are not so unreliable that we may not afford their completed operation any binding effect beyond the next in a series of endless post-conviction collateral attacks.

*Frady,* 456 U.S. at 164–65, 102 S.Ct. at 1592–93.

The cause and prejudice requirements carry with it a presumption against the habeas petitioner, and it is the petitioner's burden to overcome this presumption. *United States v. Kovic,* 830 F.2d 680, 683 (7th Cir.1987), *cert. denied,* 484 U.S. 1044, 108 S.Ct. 778, 98 L.Ed.2d 864 (1988). Most importantly for the purpose of the instant petition, the cause and prejudice requirement precludes a § 2255 challenge to a petitioner's sentence where the petitioner has failed to exercise his right of direct appeal from his original sentence.

In requesting that this court vacate the five year consecutive sentence imposed on Count Six, Rodriguez mistakenly challenges the application of the amended version of 18 U.S.C. § 924(c)(1). Section 924(c)(1) was amended in 1986 by Pub.L. 99–308 § 104(a)(2)(A)–(E).

> Section 924(c)(1), as amended provides in pertinent part that: whoever, during and in relation to any crime of violence or drug trafficking crime ... for which he may be prosecuted in a court of the United States, uses or carries a firearm, shall, in addition to the punishment provided for such crime of violence or drug trafficking crime, be sentenced to imprisonment for five years.

18 U.S.C. § 924(c). This amendment merged prior subsection (c)(1) and (c)(2) which provided for prosecution under different subsections for crimes in which a defendant "used," as opposed to "carried," a firearm. The 1986 Amendment also augmented the government's authority to prosecute drug traffickers under § 924(c)(1). Prosecution under this section was no longer confined to "crimes of violence" but was extended specifically to include "drug trafficking crimes." *See* 18 U.S.C. § 924(c)(1), as amended by Pub.L. 99–308.

■ The 1986 Amendment became effective 180 days after May 19, 1986—that is, in November 1986. The indictment in this case charges that Rodriguez committed the drug trafficking offense and the § 924(c) offense "on or about September 9, 1987," which is almost 10 months *after* the amended § 924(c)(1) became effective. As a result, Rodriguez's arguments that he was not "using" a firearm during or in relation to a "Crime of violence" are futile. Section 924(c)(1), as amended, precludes Rodriguez from circumventing his sentence on a distinction which the amended statute no longer contains. Furthermore, defendant claims he did not "use" the gun. However, for purposes of § 924(c), that a defendant never brandished, fired, or referred to the gun during a drug transaction is immaterial.

> If the firearm is with the possession or control of a person who commits an underlying crime as defined by the statute, and the circumstances of the case show that the firearm facilitated or had a role in the crime, such as emboldening an actor who had the opportunity or ability to display or discharge the weapon to protect himself or intimidate others, whether or not such display or discharge in fact occurred, then there is a violation of the statute.

*United States v. Rosado,* 866 F.2d 967 (7th Cir.), *cert. denied,* 493 U.S. 837, 110 S.Ct. 117, 107 L.Ed.2d 79 (1989). Rodriguez was appropriately charged and convicted under the amended 18 U.S.C. § 924(c)(1). Petitioner suffered no prejudice as a result of this court's sentencing under the proper statute as amended.

■ Rodriguez also argues that this Court improperly imposed a separate consecutive five year sentence under § 924(c). In arguing against the imposition of a five year sentence under § 924(c), Rodriguez erroneously refers to § 924(c) as an "enhancement" provision. Congressional intent to increase punishment for those convicted of drug trafficking offenses is clearly evidenced from a plain reading of § 924(c). Section 925(c) was specifically designed to establish a *separate* crime. *See, e.g., United States v. Dixon,* 558 F.2d 919, 921 (9th Cir.1977), *cert. denied,* 434 U.S. 1063, 98 S.Ct. 1237, 55 L.Ed.2d 764 (1978). Consequently, Rodriguez was correctly indicted and convicted under 18 U.S.C. § 924(c) as a separate offense. Petitioner was sentenced to the minimum prison term permitted under the section—five years without parole—to run consecutively with his ten year sentence under Count Five. Also, contrary to Rodriguez's contention, neither the government nor this court sought to "enhance" petitioner's sentence based on any prior conviction under the Armed Career Criminal Act, an act which never came into play in this case. Once again, petitioner Rodriguez suffered no prejudice arising from this court's proper application of § 924(c).

■ Petitioner next contends that this court should vacate the four year supervised release term on Count Five on the ground that 21 U.S.C. § 841(a)(1), (b)(1)(B) did not authorize such a sentence for offenses committed prior to November 1, 1987. However, in *Gozlon–Peretz v. United States,* —— U.S. ——, 111 S.Ct. 840, 843–44, 112 L.Ed.2d 919 (1991), the Supreme Court held that the supervised release provisions of the ADAA became effective on the date of the enactment of the Act, October 27, 1986, and should be applied to all drug offenses committed after that date, as it was in this case.

Petitioner's final alleged ground for relief is that he received ineffective assistance of counsel because his attorney knew or should have known that this court either applied the wrong statutes or misapplied the correct statutes during sentencing.

■ In order to prevail on an ineffective assistance of counsel claim, a defendant must show that his counsel made a serious error and that there is a reasonable probability that, but for the error, the outcome would have been different. *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); *William v. Chrans,* 894 F.2d 928, 935 (7th Cir.1990). Rodriguez's counsel did not err in failing to contest this court's application of 18 U.S.C. § 924(c) and 21 U.S.C. § 841(b)(1)(B) because this court's application of those statutes in this case was correct.

Rodriguez also claims that this court and defense counsel did not properly apprise him of the consequences of pleading guilty in this case. Rodriguez first claims this court violated Fed.R.Crim.P. 11 during his plea hearing by failing to establish that he understood the nature of the 18 U.S.C. § 924(c) charge and by not eliciting a factual basis to support his guilty plea. A review of the district court record and the transcript of Rodriguez's January 18, 1988 guilty plea hearing refutes this claim.

This court adequately apprised Rodriguez of the nature of the charges to which he was pleading guilty to and fully complied with the requirements of Rule 11 in accepting defendant's guilty plea on January 19, 1988.

Rodriguez additionally claims that his lawyer did not properly counsel him during his plea hearing, and was simply interested in getting Rodriguez to plead out as soon as possible so that he could "close up the case." The transcript of the plea hearing in this case refutes this contention. During the course of the plea hearing, defense counsel indicated that he had lengthy discussions with Rodriguez concerning his case and that Rodriguez had decided, *against the judgment of defense counsel,* to plead blind to the indictment in this case. The transcript belies Rodriguez's contention that his counsel induced him to plead guilty for the purpose of quickly disposing the case.

## CONCLUSION

Petitioner Rodriguez has failed to meet his burden of showing good cause for his failure to seek reconsideration of this court's sentence or to prosecute an appeal of that sentence. Rodriguez also has not demonstrated actual prejudice resulting from the claimed errors because the assertions in this petition are legally incorrect and completely without merit. The record is clear that the court properly imposed a five year consecutive imprisonment sentence plus a four year supervised release term under the amended statutes 18 U.S.C. § 924(c)(1) and 21 U.S.C. § 841(a)(1), respectively. Consequently, petitioner is without grounds to challenge his sentence based on ineffective assistance of counsel during plea and sentencing proceedings. The petition for relief pursuant to 28 U.S.C. § 2255 is denied.

IT IS SO ORDERED.