72 F.3d 132
NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
 Michael C. ANTONELLI, Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
 No. 95-2162.
 United States Court of Appeals, Seventh Circuit.
 Submitted Oct. 20, 1995.[1]
Decided Dec. 12, 1995.
Rehearing Denied Jan. 2, 1996.
 
 Before FLAUM, MANION and DIANE P. WOOD, Circuit Judges.
 
 ORDER
 
 1
 Michael C. Antonelli, a Wisconsin state prisoner, appeals from an order of the district court dismissing his petition for a writ of habeas corpus, 28 U.S.C. Sec. 2241, without prejudice for lack of jurisdiction. We affirm.
 
 
 2
 On January 5, 1984, this court remanded to the United States District Court of the Northern District of Illinois, Eastern Division, two questions relating to Antonelli's habeas corpus petition. United States v. Antonelli, Nos. 82-2562, 82-2563, 83-1041 (Jan. 5, 1984).
 
 
 3
 First, we directed the district court to determine whether parole authorities are relying on Antonelli's state conviction to compute his release date. If they were not relying on the state conviction, or the court determined that the presence or absence of such reliance would not affect Antonelli's release date, then the petition was to be dismissed. But if the parole authorities were in fact relying on the state conviction and it affected Antonelli's release date, the district court was directed to address the merits of Antonelli's claim that the state conviction was unconstitutional. Second, the district court was directed to determine whether Antonelli continued to suffer collateral consequences arising from his state conviction on the ground that the conviction was used as an element of the firearms possession offense of which Antonelli was convicted.[2]
 
 
 4
 In April 1995, Antonelli filed the present habeas action in the United States District Court for the Western District of Wisconsin, maintaining that the district court in Illinois has "ignored [the remand] for 11 years now."[3] In his habeas petition, he concludes: "I do not know what to do. I will file everywhere if I have to!" Antonelli need not "file everywhere." He must return to the district court in the Northern District of Illinois to seek relief, if indeed any is due. Turning to the district court in Wisconsin was an improper route to take, and therefore we affirm that court's dismissal of the habeas action for lack of subject matter jurisdiction.
 
 
 5
 Antonelli also contends that his attorney, Allan Ackerman, "rudely abandoned" a direct appeal from a state misdemeanor conviction.[4] We have no idea how this misdemeanor conviction relates to the 1984 appeal or the remand order, both of which concerned the parole authorities' use of a state felony conviction to compute Antonelli's release date. Presumably Antonelli can clarify the relevance if he pursues the case further before the federal district court in the Northern District of Illinois.
 
 
 6
 Finally, Antonelli spends considerable time rehashing issues we decided in the 1984 appeal. We will not address these arguments; a new appeal is not to be used as a motion to reconsider an appeal decided 11 years ago.
 
 
 7
 We AFFIRM the order of the district court dismissing the habeas corpus petition for lack of jurisdiction.
 
 
 
 [1]
 The appellee has notified this court that no brief will be filed. After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need for Oral Argument." See Fed.R.App.P. 34(a); Circuit Rule 34(f). No such statement having been filed, the appeal has been submitted on the appellant's brief and the record
 
 
 [2]
 Antonelli then filed a petition for writ of certiorari, which the Supreme Court denied. Antonelli v. United States, No. 83-6734, 467 U.S. 1246 (U.S. June 11, 1984)
 
 
 [3]
 Antonelli adds: "The proof is in the pudding. I cannot expect any relief from the Chicago courts because they have ignored, barred, delayed and procrastinated for over 11 years." Antonelli asserts that the district court in the Northern District of Illinois has "divest[ed] itself of jurisdiction" by failing to act
 
 
 [4]
 Attached to the 1995 habeas corpus petition is a March 1979 letter from Ackerman stating that "after bail was finally revoked by the Illinois Appellate Court the appeal was, in essence, abandoned." The letter explains that when Antonelli was faced with three federal indictments and three local indictments, and in the same time-frame convicted of a federal crime after a jury trial, he advised Antonelli's counsel in the federal court that "it seemed senseless to pursue the misdemeanor conviction," and thus the state appeal was "eventually dismissed."