**Carlos ROLDAN, Petitioner–Appellant,**

**v.**

**UNITED STATES of America, Respondent–Appellee.**

**No. 96–1624.**

United States Court of Appeals, Seventh Circuit.

Submitted July 11, 1996.

Decided Sept. 23, 1996.

Carlos Roldan (submitted), Texarkana, TX, for Pro Se.

Matthew R. Bettenhausen, Office of United States Attorney, Criminal Division, Barry Rand Elden, Chief of Appeals, Office of United States Attorney, Criminal Appellate Division, Chicago, IL, for Respondent-Appellee.

Before POSNER, Chief Judge, and EASTERBROOK and KANNE, Circuit Judges.

EASTERBROOK, Circuit Judge.

Carlos Roldan is serving a term of 200 months' imprisonment for a cocaine offense. His only argument on direct appeal was that the sentence should have been lower; we disagreed and affirmed in 1992 by an unpublished order. The next year Roldan filed a petition under 28 U.S.C. § 2255 contending that he had received ineffective assistance of counsel at trial and on appeal. The district court dismissed the petition, and in 1994 we affirmed by unpublished order. Undaunted, Roldan filed his second § 2255 petition in 1995, contending that the evidence at trial was insufficient, that the agents who ar-

ranged the cocaine transaction engaged in outrageous conduct, and that his lawyers to date all have rendered ineffective assistance. This petition was dismissed as an abuse of the writ, and Roldan now pursues his third appeal.

■ On April 24, 1996, the day Roldan filed his opening brief, the President signed the Antiterrorism and Effective Death Penalty Act, Pub.L. 104–132, 110 Stat. 1214 ("the Act"). Section 105 of the Act amends § 2255 in several ways, including the addition of this final unnumbered paragraph:

> A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain—
>
> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
>
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

The prior certification requirement applies only to proceedings commenced on or after April 24, 1996. See *Williams v. Calderon*, 83 F.3d 281, 285–86 (9th Cir.1996), approved in *Lindh v. Murphy*, 96 F.3d 856, 863 (7th Cir.1996) (en banc). But the substantive standards of the new provision readily could be applied to pending cases, in lieu of the rules for identifying abuse of the writ. This is what the Supreme Court did in *Felker v. Turpin*, —— U.S. ——, 116 S.Ct. 2333, 135 L.Ed.2d 827 (1996), when holding that it would apply the new requirements for second and successive petitions to original petitions filed under 28 U.S.C. § 2241, even though the Act does not amend § 2241. If these new standards apply, then Roldan loses without ado. He does not contend that there is any "newly discovered evidence" or that his petition relies on "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court".

*Felker* applied the new standards to a case like Roldan's in which the first collateral attack concluded before April 24, 1996. *Lindh* holds that the provisions of the Act generally apply to pending cases. "Generally" does not mean "always." We held in *Burris v. Parke*, 95 F.3d 465 (7th Cir.1996) (en banc), that the new rules for second and successive collateral attacks do not hold sway when the prisoner deliberately limited the issues raised in his first collateral attack in the belief that the rules in force at the time permitted such a step. *Burris*, under sentence of death, filed a collateral attack limited to his conviction; he did not contest the sentence, because he had not exhausted his state remedies on that subject. Because the rules defining abuse of the writ gave prisoners at least a plausible argument that a petition limited in this way did not foreclose a second petition directed to the sentence, and because *Burris* adopted his strategy consciously (and therefore could have relied on the old rules), we held that application of the new statute is inappropriate.

■ Which governs here: the rule of *Lindh*, or the exception of *Burris*? Roldan does not contend that he withheld issues from his first collateral attack in the belief that the doctrine of abuse of the writ permitted such a step. Our own review of the papers suggests that there is little likelihood that the change of law has bushwhacked or mousetrapped Roldan. This means that he has not relied, to his potential detriment, on the state of the law preceding April 24. The general analysis of Lindh therefore controls. The standards of the Act must be used, and, as Roldan does not satisfy them, the judgment is

AFFIRMED.