105 F.3d 660
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Feilberto FLORES, Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
 No. 95-3129.
 United States Court of Appeals, Seventh Circuit.
 Submitted Dec. 17, 1996.
Decided Dec. 23, 1996.[1]
 
 Before MANION, ROVNER and DIANE P. WOOD, Circuit Judges.
 
 ORDER
 
 1
 Feilberto Flores appeals the denial of his third petition under 28 U.S.C. § 2255, this time raising a double jeopardy claim as to the civil forfeiture of certain property, 21 U.S.C. § 881(a), which occurred after his conviction for drug trafficking offenses and after being sentenced to 364 months' imprisonment, and during the pendency of his direct appeal.[2]
 
 
 2
 The third § 2255 petition's claim of double jeopardy was not raised in the previous direct or collateral proceedings. The substantive provisions of the new standards announced in the Antiterrorism and Effective Death Penalty Act, Pub.L. 104-132, 110 Stat. 1214 (eff. April 29, 1996), apply to pending cases where there is no indication in the record that the prisoner deliberately limited the issues raised in his prior collateral attacks "in the belief that the [abuse of the writ] rules in force at the time permitted such a step." Roldan v. United States, 96 F.3d 1013, 1014 (7th Cir.1996). Thus, petitioner must show newly discovered evidence sufficient to establish by clear and convincing evidence that no reasonable fact finder would have found the movant guilty of the offense; or a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable. Petitioner has failed to meet these standards.
 
 
 3
 Even if the new habeas standards did not apply to this case, we would find that under the old standards, the double jeopardy claim fails on the merits, under United States v. Ursery, 116 S.Ct. 2135, 2147 (1996), where the Court held that "civil forfeiture does not constitute punishment for the purposes of the Double Jeopardy Clause." See also United States v. $87,118 in United States Currency, 95 F.3d 511, 514-15 (7th Cir.1996). In addition, Flores did not even participate in the forfeiture proceedings; default judgments were entered in those cases. See United States v. Torres, 28 F.3d 1463 (7th Cir.1994).
 
 
 4
 We caution Flores that further successive petitions will face the considerable obstacles of the new pre-certification procedures announced in the Antiterrorism and Effective Death Penalty Act. See also Circuit Rule 22.2 (establishing procedures for approval of successive petitions); Lindh v. Murphy, 96 F.3d 856, 863 (7th Cir.1996) (en banc); Thurman v. Gramley, 97 F.3d 185, 187 (7th Cir.1996).
 
 
 5
 The judgment of the district court is AFFIRMED.
 
 
 
 [1]
 After an examination of the briefs and the record, we have concluded that oral argument is unnecessary; accordingly, the appeal is submitted on the briefs and the record. See Fed.R.App.P. 34(a); Cir.R. 34(f)
 
 
 [2]
 See United States v. Flores, 5 F.3d 1070 (7th Cir.1993) (affirming conviction and sentence, raising issues of sentence enhancement based on prior convictions, and ineffective assistance of counsel; and affirming denial of first § 2255 motion raising ineffective assistance claim); Flores v. United States, No. 94-3457 (7th Cir. Jan. 11, 1996) (unpublished order), 1996 WL 12583 (affirming denial of second § 2255 motion, which raised due process challenges including entrapment, government's withholding evidence, and ineffective assistance of counsel)