106 F.3d 403
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Manu PATEL, Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
 No. 96-1219.
 United States Court of Appeals, Seventh Circuit.
 Submitted Jan. 9, 1997.*
Decided Jan. 24, 1997.
Rehearing Denied Feb. 11, 1997.
 
 Before POSNER, Chief Judge, and CUMMINGS and MANION, Circuit Judges.
 
 ORDER
 
 1
 In March 1988 defendant Manu Patel and five others were charged with various offenses relating to importing more than a ton of hashish from India. The street value was approximately $4,000,000. Count One of the ten-count indictment charged Patel with conspiring with the other defendants to possess and distribute hashish in violation of 21 U.S.C. § 846. Count Two charged him with conspiring with co-defendant Navis Sheth to import the hashish from India in violation of 21 U.S.C. § 963. Count Three charged him with importing the hashish in violation of 21 U.S.C. § 952, and Count Four charged him with knowingly possessing hashish with the intention to distribute it in violation of 21 U.S.C. § 841(a)(1).
 
 
 2
 In June 1988 a jury found the defendant guilty of the four counts naming him. After his post-trial motions were denied, Patel was sentenced to 17 1/2 years' imprisonment and a fine of $20,000. We affirmed his conviction. 879 F.2d 292 (1989), certiorari denied, 494 U.S. 1016.
 
 
 3
 In February 1993 Patel filed a motion to vacate his sentence pursuant to 28 U.S.C. § 2255. He claimed that he had been denied the effective assistance of trial counsel and had been denied a fair trial through prosecutorial misconduct. The district court denied relief and we affirmed. 19 F.3d 1231 (1994).
 
 
 4
 In October 1995 Patel again filed a motion to vacate his sentence pursuant to 28 U.S.C. § 2255. He claimed that the district court had wrongly given him a three-level increase in his offense level for his aggravating role as a manager or supervisor and that the district court failed to give him a two-level reduction in his offense level for acceptance of responsibility. In December 1995 the district court handed down a memorandum opinion denying defendant's second Section 2255 motion, resulting in this appeal.
 
 
 5
 In his December 29, 1995, memorandum opinion, Judge Kocoras held that Patel was barred from raising these claims because of procedural default. The court held that a second Section 2255 motion cannot raise issues that were raised on direct appeal without a showing of special circumstances and cannot raise constitutional issues not raised on direct appeal. The district court relied on Belford v. United States, 975 F.2d 310 (7th Cir.1992) (overruled on other grounds by Castellanos v. United States, 26 F.3d 717 (7th Cir.1994)), and United States v. Rodriguez, 792 F.Supp. 1113 (N.D.Ill.1992). We agree.
 
 
 6
 Defendant was procedurally barred from bringing his second Section 2255 motion
 
 
 7
 In April 1996, four months after the district court denied defendant's second Section 2255 motion, the Antiterrorism and Effective Death Penalty Act (110 Stat. 1214) became law. Section 105 of the Act amends 28 U.S.C. § 2255 by adding the following unnumbered paragraph:
 
 
 8
 A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain--
 
 
 9
 (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
 
 
 10
 (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.
 
 
 11
 This certification requirement applies only to proceedings commenced on or after April 24, 1996. Roldan v. United States, 96 F.3d 1013, 1014 (7th Cir.1996). Therefore Patel was not required to obtain a certification from this Court before filing his second Section 2255 motion on April 5, 1995. Nevertheless Roldan states that substantive standards of the new provision should generally be applied to pending cases such as this one in lieu of the old rules for identifying abuse of the writ. Id. Patel does not contend that there is any "newly discovered evidence" to establish his innocence or that there is "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court." The clarifying amendment to the Commentary to Guideline 3B1.1 (note 1 infra ) on which defendant's present Section 2255 motion is based is neither "a new rule of constitutional law" nor was it "made retroactive to cases on collateral review by the Supreme Court." Therefore, as in Nunez v. United States, 96 F.3d 990, 990-992 (7th Cir.1996), defendant has not set forth a proper basis for collateral relief.
 
 
 12
 Patel's claim that the district court misapplied the sentencing guidelines is not cognizable under Section 2255
 
 
 13
 Section 2255 of Title 28 U.S.C. allows collateral relief for (1) imposition of a sentence in violation of the Constitution or federal law; (2) lack of jurisdiction of the sentencing court; (3) imposition of a sentence in excess of the statutory maximum; or (4) imposition of a sentence otherwise subject to collateral attack. A prisoner is entitled to relief under Section 2255 for a sentence imposed in violation of federal law if that sentence involved a "fundamental defect" causing a "complete miscarriage of justice" or otherwise resulting in a violation of due process. United States v. Timmreck, 441 U.S. 780, 783-784; Hill v. United States, 368 U.S. 424, 428. The district court's finding that defendant qualified for an aggravating role adjustment to his offense level does not meet these standards and is therefore not cognizable for relief under Section 2255. See United States v. Addonizio, 442 U.S. 178, 185-187; Soto v. United States, 37 F.3d 252, 254 (7th Cir.1994); United States v. Segler, 37 F.3d 1131, 1134 (5th Cir.1994); Scott v. United States, 997 F.2d 340, 342-343 (7th Cir.1993).
 
 
 14
 Guidelines amendment 500 may not be applied to reduce defendant's final sentence
 
 
 15
 No authority holds that Guidelines amendment 500 on which Patel relies permits him to seek resentencing in a collateral proceeding.[1] The case upon which defendant relies, United States v. Fones, 51 F.3d 663 (7th Cir.1995), is not to the contrary because it dealt with a defendant's direct appeal from his sentence.
 
 
 16
 Guideline 1B1.10 enumerates the few Guidelines amendments that may be applied to reduce a sentence that has become final, but amendment 500 is not listed therein and therefore may not be given retroactive effect.[2] See United States v. Camacho, 40 F.3d 349, 354 (11th Cir.1994) (involving amendment 487 to the Guidelines), certiorari denied, 115 S.Ct. 1810; Ebbole v. United States, 8 F.3d 530, 539 (7th Cir.1993) (amendment 459 may not receive retroactive application), certiorari denied, 510 U.S. 1182.
 
 
 17
 In any event defendant's second Section 2255 motion has no merit
 
 
 18
 Even if defendant were not barred from pursuing his sentencing claim, no relief is warranted because, as the district court held, defendant played an important supervisory role in the offense which justified the three-level increase he had received, and we review that determination for clear error. See United States v. Mustread, 42 F.3d 1097, 1103 (7th Cir.1994); United States v. Herrera, 878 F.2d 997, 1000 (7th Cir.1989). As the court found, Patel's conduct was the most serious and most egregious of the six conspirators so that he was the top of the defendants as to criminal responsibility. See Sentencing Transcript 30. Therefore it was not clearly erroneous for the district court to find that Patel was a manager or supervisor even under the current interpretation of Guideline 3B1.1 incorporating amendment 500.
 
 
 19
 The denial of the defendant's second Section 2255 motion is affirmed.
 
 
 
 *
 This successive appeal has been submitted to the original panel under Operating Procedure 6(b). After examination of the briefs and the record, we have concluded that oral argument is unnecessary; accordingly, the appeal is submitted on the briefs and the record. See Fed.R.App.P. 34(a); Cir.R. 34(f)
 
 
 [1]
 Amendment 500 provides:
 The Commentary to § 3B1.1 captioned "Application Note" is amended by renumbering Notes 2 and 3 as 3 and 4, respectively; and by inserting the following additional note:
 "2. To qualify for an adjustment under this section, the defendant must have been the organizer, leader, manager, or supervisor of one or more other participants. An upward departure may be warranted, however, in the case of a defendant who did not organize, lead, manage, or supervise another participant, but who nevertheless exercised management responsibility over the property, assets, or activities of a criminal organization."
 
 
 [2]
 Guideline 1B1.10 provides in pertinent part:
 (a) Where a defendant is serving a term of imprisonment, and the guideline range applicable to that defendant has subsequently been lowered as a result of an amendment to the Guidelines Manual listed in subsection (c) below, a reduction in the defendant's term of imprisonment is authorized under 18 U.S.C. § 3582(c)(2). If none of the amendments listed in subsection (c) is applicable, a reduction in the defendant's term of imprisonment under 18 U.S.C. § 3582(c)(2) is not consistent with this policy statement and thus is not authorized.
 * * *
 (c) Amendments covered by this policy statement are listed in Appendix C as follows: 126, 130, 156, 176, 269, 329, 341, 371, 379, 380, 433, 454, 461, 484, 488, 490, 499, 505, 506, and 516.