106 F.3d 403
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Michael C. ANTONELLI, Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
 No. 95-2218.
 United States Court of Appeals, Seventh Circuit.
 Submitted Dec. 5, 1996.*
Decided Jan. 06, 1997.
Rehearing and Suggestion for Rehearing En Banc Denied Feb. 21, 1997.
 
 Before POSNER, Chief Judge, and CUMMINGS and EVANS, Circuit Judges.
 
 ORDER
 
 1
 Michael C. Antonelli was convicted in 1979 on charges of conspiracy, possession of an unregistered destructive device, and maliciously damaging property used in interstate commerce. This court affirmed. United States v. Antonelli, 673 F.2d 1332 (table) (7th Cir.1981), cert. denied, 456 U.S. 918 (1982). In 1982, Antonelli filed a petition under 28 U.S.C. § 2254 challenging the use of a state conviction to determine his federal sentence. The district court construed the petition as a motion attacking the sentence under 28 U.S.C. § 2255, and denied relief. Mem.Op. and Ord., Nos. 81 C 131 and 82 C 2106 (N.D.Ill. July 28, 1982) (reprinted in appellee's separate appendix at 19-25). This court affirmed in part and remanded in part. United States v. Antonelli, 727 F.2d 1112 (table) (7th Cir.1984), cert. denied, 467 U.S. 1246 (1984); see also Antonelli v. United States, 72 F.3d 132 (table) (7th Cir.1995) (describing a habeas petition filed by Antonelli relating to the remand), cert. denied, 116 S.Ct. 1854 (1996). In 1984, Antonelli filed a motion for a new trial under Fed.R.Crim.P. 33. According to both parties, this motion has never been decided.
 
 
 2
 Lastly, Antonelli filed a motion in 1994 under 28 U.S.C. § 2255. This § 2255 motion raises many of the same points presented in the motion for a new trial. Without ordering a response by the government, the district court denied the current § 2255 motion as "repetitive" of the motion for a new trial, and also denied Antonelli's motion to reconsider. Antonelli appeals the denial of the § 2255 motion and of the motion to reconsider.
 
 
 3
 We are unsure why the district court denied the § 2255 motion as "repetitive." The § 2255 motion does repeat and expand upon many of the points made in the motion for a new trial, but also adds some new claims--for instance, that Antonelli was denied his right to testify at trial, and that he was denied the right to be sentenced based on accurate information. Moreover, Antonelli had effectively abandoned his motion for a new trial, and we do not believe it stands as an insuperable barrier to the § 2255 motion. The motion for a new trial had lain dormant for ten years before the filing of the § 2255 motion. Antonelli blames the district court and the government for the lack of progress on the motion for a new trial; he specifically notes that the government never responded to the motion. However, Antonelli had "an obligation to take a minimal interest in his own defense," Henderson v. Cohn, 919 F.2d 1270, 1272 (7th Cir.1990), and it is apparent that he did not take such an interest in his motion for many years. If a movant fails to prosecute his claims at an earlier opportunity, he is not necessarily precluded from making those claims in a § 2255 motion; rather, he must show "cause and prejudice" to excuse the default. See Norris v. United States, 687 F.2d 899 (7th Cir.1982). For this reason, and for the reason that the § 2255 motion is not completely repetitive of the motion for a new trial, we respectfully disagree with the district court's disposition of the § 2255 motion.
 
 
 4
 On appeal, the government argues that Antonelli has not shown the required cause. We shall assume arguendo that Antonelli's allegations of ineffective assistance of appellate counsel suffice to excuse the procedural default on direct appeal. Antonelli appears to claim ineffective assistance of counsel also with respect to his first § 2255 motion. However, ineffective assistance of counsel does not constitute cause to excuse a procedural default in collateral proceedings. Cawley v. DeTella, 71 F.3d 691, 695 (7th Cir.1995) (citations omitted). Antonelli's other claim is that he had suffered for about twenty years from post-traumatic stress disorder and other mental and emotional problems, and that he was unable to present his claims until he recovered from these afflictions. While the record does contain diagnoses of mental and emotional problems, the record does not support his claim that such ailments prevented him from litigating. Not only, as the government points out, has Antonelli been a frequent litigator in the district court and this court during the 1980s and 1990s, but he was also able to put forth many of the current claims in his 1984 motion for a new trial. Moreover, even assuming that mental and emotional problems impaired his ability to present his claims, such impairments do not qualify as cause for a procedural default. See id. at 696 (depression is not an "external objective impediment" that could constitute cause) (citing Murray v. Carrier, 477 U.S. 478, 488 (1986)). We conclude that Antonelli has not shown cause for failure to prosecute his claims previously.
 
 
 5
 Prior to April 24, 1996, a petitioner who lacked the required "cause and prejudice" was required to show that " 'a constitutional violation has probably resulted in the conviction of one who is actually innocent' "; i.e., that "it is more likely than not that no reasonable juror would have convicted him in the light of the new evidence." Schlup v. Delo, 115 S.Ct. 851, 867 (1995) (quoting Murray v. Carrier, supra, 477 U.S. at 496). But then on April 24, 1996 (before the briefing of this appeal), the President signed into law the Antiterrorism and Effective Death Penalty Act of 1996, Pub.L. 104-132, 110 Stat. 1214. As we explained in Roldan v. United States, 96 F.3d 1013 (7th Cir.1996), the standards of the Act, including amendments to 28 U.S.C. § 2255, generally apply to pending cases. Id. at 1014. In relevant part, the amendments to § 2255 require that a second or successive § 2255 motion rely on "newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense." 28 U.S.C. § 2255 (final paragraph) (as amended Apr. 24, 1996); Roldan, 96 F.3d at 1014. There is no indication that Antonelli deliberately limited the issues in his first § 2255 motion in the belief that the rules in force at the time permitted such a step. Roldan, 96 F.3d at 1014. Accordingly, the more stringent standard of the amended § 2255 applies to Antonelli. Id.
 
 
 6
 Whether considered under the new standard or the old standard for showing actual innocence, Antonelli's claims would fail. In his § 2255 motion, Antonelli alleged that his trial counsel was ineffective for failing to present medical evidence and exculpatory testimony by eyewitnesses. Antonelli also submitted results of medical examinations suggesting that he suffered from paranoid schizophrenia and/or post-traumatic stress disorder from as far back as 1973 (two years before the crimes), as well as an affidavit by one of the alleged exculpatory witnesses. The problem is that Antonelli could have presented such evidence many years ago. His 1984 motion for a new trial claimed that trial counsel was ineffective in failing to present the testimony of the alleged exculpatory witnesses and in failing to investigate whether he suffered from mental illness at the time of the crimes. Even assuming that this evidence was newly discovered as of 1984, it could no longer be considered new in 1994, when Antonelli filed the § 2255 motion. The unexplained ten-year delay in pursuing a hearing on this previously discovered evidence cannot be excused. Cf. Herrera v. Collins, 506 U.S. 390, 417-18 (1993) (citing Taylor v. Illinois, 484 U.S. 400, 414 (1988)); id. at 423 (O'Connor, J., concurring).
 
 
 7
 The judgment is AFFIRMED.
 
 
 
 *
 After an examination of the briefs and the record, we have concluded that oral argument is unnecessary; accordingly, the appeal is submitted on the briefs and the record. See Fed.R.App.P. 34(a); Cir.R. 34(f)