107 F.3d 873
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Joseph N. STEWART, Petitioner-Appellant,
v.
Christopher MELOY, Respondent-Appellee
 No. 95-3723.
 United States Court of Appeals, Seventh Circuit.
 Submitted Feb. 6, 1997.*
Decided Feb. 21, 1997.
 
 Before POSNER, Chief Judge, and KANNE and DIANE P. WOOD, Circuit Judges.
 
 ORDER
 
 1
 Joseph N. Stewart, a state prisoner acting pro se, appeals the denial of his petition for a writ of habeas corpus. 28 U.S.C. § 2254. Stewart pleaded guilty to robbery in 1986. He was deemed a habitual offender, based on two 1971 convictions. The habitual offender status enhanced his two-year sentence for robbery to thirty-two years in prison. After exhausting all state remedies, Stewart filed two separate federal petitions for a writ of habeas corpus, each attacking one of the two 1971 convictions which formed the basis of his habitual offender status. Both petitions were denied on the merits. Only then did Stewart file the present petition, attacking his 1986 conviction on the ground that (1) his guilty plea was invalid because it was based on his assumption that the habitual offender information was sound; (2) his trial counsel was ineffective because he failed to investigate and inform Stewart that the habitual offender information was defective; (3) the state trial court should have held separate sentencing hearings for the robbery and habitual offender counts; and (4) the state trial court lacked jurisdiction to impose sentence. The district court dismissed the petition as an abuse of the writ. We affirm.
 
 
 2
 Stewart first complains that the district court should not have dismissed his petition as a second or successive petition. We agree. "Second or successive petitions" logically refer to multiple attacks upon a single conviction, and this is the first time that Stewart has collaterally attacked his 1986 conviction through a petition for a writ of habeas corpus. See generally McClesky v. Zant, 499 U.S. 467, 492-96 (1991). And while the Antiterrorism and Effective Death Penalty Act, Pub.L. 104-132, 110 Stat. 1214 ("AEDPA"), enacted during the pendency of this appeal, replaces the doctrine of "abuse of the writ" with more stringent criteria for accepting second or successive petitions, the meaning of the phrase "second or successive petition" remains unchanged. Benton v. Washington, No. 96-8070, --- F.3d ----, 1996 WL 714730, at * 2 (7th Cir. Dec. 10, 1996). Consequently, the petition before us is not a successive petition.
 
 
 3
 That, however, is as far as Stewart gets. Stewart utilized Indiana's procedure for post-conviction review to litigate fully his challenges to each of the 1971 convictions used to enhance his 1986 sentence. The present petition does not challenge the fairness of those proceedings, only the results which they reached. For that reason, the district court could not have considered the merits of his claim that the habitual offender status was defective, under the principles we announced in Smith v. Farley, 25 F.3d 1363, 1367-70 (7th Cir.1994). And without the ability to challenge his status as a habitual offender, both Stewart's claim that his guilty plea was invalid, and that his attorney was ineffective, collapse.
 
 
 4
 The district court did not address Stewart's remaining claims, which were not raised in his previous petitions for federal collateral review and which do not depend on the invalidity of his 1971 convictions: that the state should have granted a bifurcated hearing on his habitual offender status, and that the trial court lacked jurisdiction to impose sentence. These claims present neither new evidence nor a new retroactive rule of constitutional law. That is what the AEDPA, whose substantive provisions regarding successive petitions we apply to pending cases, Roldan v. United States, 96 F.3d 1013, 1014 (7th Cir.1996), requires. And even if we were to conclude, under the principles enunciated in Burris v. Parke, 95 F.3d 465, 468-69 (7th Cir.1996) (en banc ), that the AEDPA does not apply because Stewart consciously adopted his strategy of reserving such independent challenges to his 1986 sentence until he had attacked his 1971 convictions, under a plausible assumption that the rules in effect at the time he began his challenges permitted such a strategy, it would not help Stewart. His charge that the state should have granted a bifurcated hearing on his habitual offender status raises, at best, an error of state procedure, for which federal collateral review is unavailable. Stewart v. Lane, 60 F.3d 296, 302 (7th Cir.1995), cert. denied, 116 S.Ct. 2580 (1996). The same is true of his jurisdictional argument, which is based entirely on an alleged failure to follow the Indiana Rules of Criminal Procedure in appointing a special judge to try the case.
 
 
 5
 AFFIRMED.
 
 
 
 *
 After an examination of the briefs and the record, we have concluded that oral argument is unnecessary. Therefore, the appeal is submitted on the briefs and the record. See Fed.R.App.P. 34(a); Cir.R. 34(f)