Christopher UNGER, Movant,

v.

**UNITED STATES of America,
Respondent.**

Nos. 97–C–233, 91–CR–97.

United States District Court,
E.D. Wisconsin.

June 22, 1998.

**1152**

Hugo Torbet, San Francisco, CA, for Movant.

Christian R. Larsen, Assistant United States Attorney, Milwaukee, WI, for Respondent.

### DECISION AND ORDER

CURRAN, District Judge.

. Christopher Unger, a prisoner in federal custody, is seeking relief from his conviction and sentence pursuant to 28 U.S.C. § 2255. In 1991, Unger entered into a plea agreement whereby he pleaded guilty to one count of conspiracy to possess with intent to distribute in excess of one thousand kilograms of marijuana between January 1, 1986, and April 1, 1991. After accepting the plea, this court sentenced Unger to 120 months of incarceration.

Unger appealed and his conviction and sentence were affirmed. *See United States v. Unger*, 1992 WL 354469 (7th Cir. Nov.30, 1992). He then filed the instant motion for collateral relief,[1] in which he claims that his plea attorney was ineffective for: (1) failing to assert a withdrawal defense to the scope of the conspiracy; (2) setting forth a legal principle concerning a co-conspirator's relevant conduct that was incorrect and resulted

---

1. Unger filed his section 2255 motion on March 10, 1997. Although it had been more than one year since his conviction and sentence were affirmed, his motion was timely under the Seventh Circuit's ruling that people already in federal custody pursuant to a final judgment of conviction had one year from the effective date of the Antiterrorism and Effective Death Penalty Act of 1996, to file a motion for collateral relief. *See O'Connor v. United States*, 133 F.3d 548, 550 (7th Cir.1998).

in a sentence twice as long as it should have been; and (3) failing to prepare adequately for the sentencing hearing.

The government responded by asserting the defense of procedural default. The government contends that, because Unger did not appeal any issues concerning the effectiveness of his plea counsel, even though he had a different attorney on appeal, those issues cannot be considered in this collateral proceeding. Unger, of course, replied by adding the claim that his appellate attorney was also ineffective because he did not challenge the effectiveness of the plea counsel. Unger is being represented by a third attorney in the present proceeding.

Addressing the defense of procedural default in *Belford v. United States,* 975 F.2d 310, 313 (7th Cir.1992), the Seventh Circuit explained that:

> Collateral relief under section 2255 is available if any legal error in taking a prisoner's guilty plea or sentencing him subsequent to that plea was "jurisdictional, constitutional, or is a fundamental defect which inherently results in a complete miscarriage of justice." *Oliver v. United States,* 961 F.2d 1339, 1341 (7th Cir.1992) (quoting *Haase v. United States,* 800 F.2d 123, 126 (7th Cir.1986), petition for cert. filed (U.S. Jul. 22, 1992) (No. 92–5288)). However, a section 2255 motion is neither a recapitulation of nor a substitute for a direct appeal. E.g., *Johnson v. United States,* 838 F.2d 201, 202 (7th Cir.1988); *Qualls v. United States,* 774 F.2d 850, 851 (7th Cir.1985); *Norris v. United States,* 687 F.2d 899, 900 (7th Cir.1982). As a result, there are three types of issues that a section 2255 motion cannot raise: (1) issues that were raised on direct appeal, absent a showing of changed circumstances; (2) nonconstitutional issues that could have been but were not raised on direct appeal; and (3) constitutional issues that were not raised on direct appeal, unless the section 2255 petitioner demonstrates cause for the procedural default as well as actual prejudice from the failure to appeal. *United States v. Rodriguez,* 792 F.Supp. 1113 (N.D.Ill.1992); *see Norris,* 687 F.2d at 900 and 903–04 (On appeal from the denial of a section 2255 motion, the court refused to consider issues previously decided on direct appeal from the conviction and nonconstitutional issues that could have been but were not raised on direct appeal. The court would consider constitutional issues that could have been raised on direct appeal only if petitioner showed cause and prejudice); *Theodorou v. United States,* 887 F.2d 1336, 1339 (7th Cir.1989) (failure to raise a constitutional challenge which could have been raised on direct appeal precludes section 2255 review absent a showing of cause for the procedural default as well as actual prejudice resulting from the failure to appeal); *Bontkowski v. United States,* 850 F.2d 306, 313 (7th Cir.1988) (citing *Kaufman v. United States,* 394 U.S. 217, 89 S.Ct., 1068, 22 L.Ed.2d 227 (1969)) ("nonconstitutional errors which could have been raised on appeal but were not, are barred on collateral review—regardless of cause and prejudice.").

*Belford,* 975 F.2d at 313 (footnote omitted).

In his direct appeal, Unger disputed the quantity of marijuana involved in the conspiracy. He also argued that the scope of the conspiracy exceeded his individual involvement and that, therefore, he should not have been sentenced based upon all the transactions of the other conspirators. Despite his arguments, the court of appeals held that: "[T]he scope of Unger's agreement with his co-conspirators was sufficiently broad to support a finding that it was reasonably foreseeable by Unger that the conspiracy involved 1,000 kilograms of marijuana." *United States v. Unger,* 1992 WL 354469, at *3 (7th Cir. Nov.30, 1992).

█ In his section 2255 motion, Unger again challenges the quantity of drugs he is accused of supplying to the conspirators. The record does not support Unger's contention that fewer than 400 kilograms can be ascribed to him. But, even if it did, because this issue was resolved against him on appeal, Unger is precluded from raising the same issue in this collateral proceeding, unless he can show changed circumstances. *See Belford v. United States,* 975 F.2d at 313. Unger attempts to show changed circumstances by advancing new reasons why he should not be responsible for 1,000 kilograms

of marijuana. He has submitted the "Declaration" of co-conspirator Bruno Hoelzl, who alleges Unger withdrew from the conspiracy after supplying less than 350 kilograms to the other members.. *See* Memorandum of Points and Authorities in Support of Motion Pursuant to 28 U.S.C. § 2255 at Exhibit 2. Unger claims that his plea attorney was ineffective for not calling Hoelzl as a witness at the plea hearing and that his appellate attorney compounded the ineffectiveness by not pointing out this omission on direct appeal.

 Having reviewed the transcript, the court finds that Hoelzl's proposed testimony would merely have been cumulative of the testimony that Unger himself offered at the plea hearing.[2] Therefore, Hoelzl's statement is not sufficient to show changed circumstances or that Unger's attorney was ineffective for not calling him as a witness.

 To the extent that Unger's remaining grounds are based upon constitutional errors which were not addressed on direct appeal, these grounds have been defaulted unless his appellate attorney was ineffective for not raising them before the Seventh Circuit. As explained above, constitutional errors not raised on direct appeal may not be raised in a section 2255 motion unless the movant can demonstrate either: (1) good cause for his failure to raise the claims on direct appeal and actual prejudice for the failure to raise these claims, or (2) that the district court's refusal to consider the claims would lead to a fundamental miscarriage of justice. *See Reed v. Farley,* 512 U.S. 339, 353, 114 S.Ct. 2291, 129 L.Ed.2d 277 (1994).

In order for an appellate attorney's performance to qualify as cause to justify procedural default, the movant must show: (1) that the appellate attorney's performance was deficient; and (2) that the performance prejudiced him. *See generally Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).[3] The Supreme Court has instructed that there is a strong presumption that counsel's conduct "falls within

the wide range of reasonable professional assistance." *Strickland,* 466 U.S. at 689, 104 S.Ct. 2052. A movant has a heavy burden in proving a claim of ineffectiveness of counsel. *See Jarrett v. United States,* 822 F.2d 1438, 1441 (7th Cir.1987).

The first prong of the *Strickland* test requires a defendant to "show that counsel's representation fell below an objective standard of reasonableness." *Strickland,* 466 U.S. 668, 104 S.Ct. 2052. The Supreme Court has stated that:

> A convicted defendant making a claim of ineffective assistance must identify the acts or omissions of counsel that are alleged not to have been the result of reasonable professional judgment.... The court must then determine whether, in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance.

*Strickland,* 466 U.S. at 690, 104 S.Ct. 2052.

 To show prejudice stemming from ineffective assistance of counsel, a movant must prove "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* at 694, 104 S.Ct. 2052. In addition to showing a reasonable probability of a different outcome but for counsel's deficient performance, the movant must show that the deficient performance made the proceedings fundamentally unfair or unreliable. *See Lockhart v. Fretwell,* 506 U.S. 364, 368–69, 113 S.Ct. 838, 122 L.Ed.2d 180 (1993).

 Appellate counsel is ineffective if counsel failed to raise issues that are: (1) obvious; and, (2) clearly stronger than the ones actually raised on direct appeal. *See Kelly v. United States,* 29 F.3d 1107, 1112 (7th Cir.1994); *Gray v. Greer,* 800 F.2d 644, 646 (7th Cir.1986). When a movant claims

---

**2.** At the plea hearing, Unger also testified extensively about his claimed-withdrawal from the conspiracy. Therefore, his contention that his plea attorney failed to raise withdrawal as "defense" at the sentencing hearing lacks substance. Even though his attorney may not have mentioned the claimed-withdrawal in his argument,

the issue was heard and considered by the court and resolved against Unger.

**3.** *Strickland* has been made applicable in proceedings involving the plea of guilty. *See generally Hill v. Lockhart,* 474 U.S. 52, 106 S.Ct. 366, 88 L.Ed.2d 203 (1985).

that his counsel failed to appeal a specific issue, that movant must show that the omitted issue was significant and may have resulted in a reversal of the conviction. *See Mason v. Hanks,* 97 F.3d 887, 893 (7th Cir. 1996).

■ Having reviewed the record of this case, the court concludes that none of the issues Unger raises in his section 2255 motion are clearly stronger than the ones actually raised on direct appeal. Moreover, sentencing issues cannot be raised for the first time in section 2255 proceedings regardless of any alleged ineffectiveness of counsel. In *Durrive v. United States,* 4 F.3d 548 (7th Cir.1993), the Seventh Circuit held that, when a movant seeking sentencing relief pursuant to 28 U.S.C. § 2255 has failed to challenge the court's application of the Sentencing Guidelines on direct appeal, he cannot establish that his appellate counsel's failure to challenge the application was "prejudicial" within the meaning of *Strickland*[4] unless he can show that he suffered such significant prejudice that the sentencing proceedings were rendered unreliable or fundamentally unfair. *See Durrive,* 4 F.3d at 551.

Unger was categorized in a Level 28 Sentencing Guideline range. He believes that he should have been placed in a Level 24 range because he was only responsible for fewer than 400 kilograms of marijuana, not more than 1,000 kilograms, as the court found at sentencing. However, even if the court were to accept his contentions, he has not established that his sentence is unreliable or fundamentally unfair. The Level 24 prison time to which he believes he should have been sentenced is not significantly less harsh than the 120-month, Level 28 sentence he received. *See Martin v. United States* 109 F.3d 1177, 1178 (7th Cir.1996) ("the sort of increase produced by a few levels' difference in sentencing calculations cannot be raised indirectly on collateral attack by complaining about counsel's work"), *cert. denied,* — U.S. —, 118 S.Ct. 335, 139 L.Ed.2d 260 (1997). Therefore, Unger has suffered no prejudice within the meaning of *Strickland* from his representation by his appellate counsel. He

has procedurally defaulted his claims by failing to raise them in the district court or on direct appeal, so section 2255 relief must be denied.

### ORDER

For these reasons, the court ORDERS that Christopher Unger's "Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody" (filed March 10, 1997) IS DENIED.

IT IS FURTHER ORDERED that this action is dismissed upon its merits.

IT IS FURTHER ORDERED that the Clerk of Court shall enter a final judgment as a separate document. *See* Federal Rule of Civil Procedure 58. This judgment shall provide that:

Christopher Unger's motion for relief pursuant to 28 U.S.C. § 2255 came before the court, the Honorable Thomas J. Curran, District Judge, presiding, and relief having been denied,

IT IS ORDERED AND ADJUDGED

that this action is dismissed upon its merits.

---

4. A court can resolve an ineffective assistance claim by deciding either *Strickland* prong against the petitioner and the court need not consider performance before considering prejudice. *See*

*Barker v. United States,* 7 F.3d 629, 633 (7th Cir.1993), *cert. denied,* 510 U.S. 1099, 114 S.Ct. 939, 127 L.Ed.2d 229 (1994).